Mark R. **SCHARER**, Appellant,

v.

**JOHN'S CARS, INC.**, Appellee.

No. 08–89–00117–CV.

Court of Appeals of Texas, El Paso.

June 28, 1989.

Appellant's Rehearing Overruled Aug. 2, 1989.

Appellee's Rehearing Granted Aug. 2, 1989.

J. Redwin Patterson, Patterson, Lamberty, Kelly & Stanford, Dallas, for appellant.

Gregory N. Woods and June E. Higgins, Shank Irwin Conant Lipshy & Casterline, Dallas, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

The trial court disregarded certain answers of the jury and entered judgment for Appellee, John's Cars, Inc. We reverse and render judgment.

This case involves the restoration of an old Jaguar automobile and the attempt by the restorer to collect $10,607.70 from the owner for work done. The trial court submitted some twenty-eight general issues to the jury, and the jury made a decision, only to have the trial court disregard certain answers and enter judgment for the Appellee.

Appellant in his brief has honored us with FORTY–EIGHT (48) points of error which fail to comply with Tex.R.App.P. 74(d). After stating the forty-eight points of error, the Appellant proceeded to mix-match, comingle and generally discuss the forty-eight points of error without citing pages of the statement of facts, referring to evidence that would support Appellant's position. Strangely, Appellant only desires, as shown by his prayer for relief, that this Court reverse and render a decision and makes no request for a reversal and a new trial. Only because it would result in the continued delay of disposition of this appeal, this Court is unwilling to order re-briefing.

## FACTS

The Appellant, Mark R. Scharer, bought from Appellee a 1974 Jaguar. It was pea green color with a like green interior. In fact, this car consisted primarily of the mere appearance of a Jaguar with no motor or transmission. Appellant also bought from Appellee a conversion kit to enable an American made engine and transmission to be installed. Appellant had the motor and transmission installed elsewhere, but then brought the car back to Appellee for interior work, rear-end overhaul and suspension work, as well as, body and paint work. Appellant presented Appellee with a list of over sixty items that he wanted Appellee John's Cars to do. The parties then entered into an agreement for the restoration according to the items on Appellant's list. This agreement occurred sometime in September 1985. The rear-end overhaul and suspension work was done first for which Appellant paid $4,280.00. This work and the amount paid is not in dispute in this lawsuit. The balance of the work was done and the car declared "ready" in April 1986. Appellee John's Cars presented Appellant with a bill representing the unpaid balance due of $10,607.70. Appellant gave Appellee a check for $6,838.89 and signed a note for $3,768.81 (payable at $471.10 per month for eight months). He took the car but returned shortly, blaming Appellee John's Cars for a crack found in the engine block.

Appellant, however, left with the car and thereafter "stopped payment" on the $6,838.89 check he had given to John's Cars. Appellant also refused to make any payments on the note given John's Cars. He did, through his attorney, attempt to settle the controversy by mailing a check in the amount of $5,434.00 payable to John's Cars. His attorney also enclosed a release for John's Cars to execute. The parties dispute whether the check was received, but it was never cashed. The whereabouts of the check at the time of trial was never disclosed. Regardless, there was no settlement, and this suit was instituted December 8, 1986, by Appellee John's Cars, Inc., asserting a cause of action based on (1) breach of contract, (2) quantum meruit, (3) suit on open account, (4) suit on a note, and (5) seeking attorney's fees. It therefore claimed that it was due $10,607.70 under the parties' agreement, regardless of the theory. Appellant contested the terms of the agreement, the amount owed, the quality of the work done and the alleged violations of the Texas Deceptive Trade Practices Act. The case was tried before a jury, and a verdict was returned on December 4, 1987. Each side sought a money judgment by filing motions to disregard certain jury findings. The trial court disregarded those jury answers urged by the Appellee, but did not go along with the damage figure requested by Appellee. The judgment was signed on April 15, 1988. We will turn to Point of Error No. Three, which we believe is dispositive of this appeal.

By Point of Error No. Three, the Appellant is attempting to assert that the trial court erred in disregarding the jury's answer of "None" to the Appellee's damage issue under the breach of contract action.

(1) Under Appellee's contract theory, the jury found that the parties entered into a contract and that Appellant, Mark Scharer, materially breached the contract. However, the jury found that Appellee John's Cars did not suffer any damages as a result of the breach of contract.

(2) Under Appellee's quantum meruit theory, the jury found that the Appellee had performed services that conferred a benefit which was accepted by Appellant, Mark Scharer. The jury then found that Appellee, John's Cars, was entitled to compensation from Appellant for those benefits conferred in the amount of "*$5,820 less Mark Scharer's check #1175 dated 4/28/86.*" [Emphasis added].

The check the jury referred to in the above answer was sent by Appellant as an offer of settlement, but at time of trial the check had never been cashed and both sides denied knowledge of where the check was.

On motion of Appellee, the trial court disregarded the "None" answer of the jury to the damage issue under the breach of contract theory and entered judgment for damages of $5,820.00 (which just happens to be the amount the jury awarded under the quantum meruit theory). To uphold this, disregarding the jury finding of "None", the Appellee concedes that the trial judge had to make this finding of $5,820.00 damages as a matter of law. The Appellee did not assert that his was the proper damage figure in its motion for judgment and motion to disregard jury findings. Appellee was urging, as a matter of law, that the trial court should enter judgment on its breach of contract claim for $10,607.70. In the alternative, the Appellee asked the trial court to enter judgment, as found by the jury, in the amount of $5,820.00 on its claim for quantum meruit.

## DID THE TRIAL COURT HAVE THE POWER TO DISREGARD THE FINDING OF NO DAMAGES BY THE JURY AS TO THE BREACH OF CONTRACT ACTION?

Tex.R.Civ.P. 301 states in part:
[U]pon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence.

Where special issues have support in the evidence, the trial judge may not render a judgment n.o.v., even though the great weight and preponderance of the

evidence might be to the contrary. *Gulf, Colorado & Santa Fe Railway Company v. Deen,* 312 S.W.2d 933 (Tex.1958), *cert. denied,* 358 U.S. 874, 79 S.Ct. 111, 3 L.Ed.2d 105 (1958). In determining a no evidence point, all testimony must be considered in the light most favorable to the party against whom the motion is sought and every reasonable intendment deductible from the evidence is to be indulged in such party's favor. *Leyva v. Pacheco,* 358 S.W.2d 547, 550 (Tex.1962).

Thus, the only way the trial court could have properly disregarded the jury's answer of "None" and substituted its own findings would have been if the evidence conclusively established, as a matter of law, that Appellee had suffered damages in the amount of $5,820.00. *Brownsville & Matamoros Bridge Company v. Null,* 578 S.W.2d 774, 780 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). The amount of damages to be awarded is a question of fact for the jury to determine. *Medrano v. City of El Paso,* 231 S.W.2d 514, 518 (Tex. Civ.App.—El Paso 1950, writ ref'd n.r.e.). Therefore: DOES THE EVIDENCE ESTABLISH AS A MATTER OF LAW DAMAGES OF $5,820.00 UNDER THE BREACH OF CONTRACT THEORY? We find that it does not. There was certainly conflicting evidence in this case as to the terms of the contract, including the contract price as well as the value of the services rendered. Therefore, it was properly a fact issue for the jury to decide and not a matter of law. The trial court erred in disregarding the jury's answer of "None" and substituting his own finding to the breach of contract damage issue.

Point of Error No. Three is sustained.

█ Appellee has filed a cross-point requesting that if we reverse Appellee's judgment for breach of contract, we should render judgment for Appellee on its quantum meruit theory.

Appellee contends that the jury verdict on both theories of breach of contract and quantum meruit were favorable to it. Therefore, under the Supreme Court holding in *Boyce Iron Works, Inc. v. Southwestern Bell Telephone Company,* 747 S.W.2d 785, 787 (Tex.1988), the Appellee claims it is entitled to recover on appeal on either theory if one ground of recovery is reversed and rendered. The problem is that Appellee John's Cars did not receive a favorable jury finding under both of the theories. At best, the breach of contract verdict was unfavorable and totally unacceptable to Appellee because the jury awarded no damages. Breach of contract and quantum meruit theories are mutually exclusive; one rules out the other. The jury in this case did find there was an express contract and, therefore, the judgment entered finding recovery under both breach of contract and quantum meruit theories was improper. The trial court was not entitled to transfer the $5,820.00 damage finding under the quantum meruit issues and substitute this amount for the "None" damage finding of the jury on the breach of contract issues.

The party for whom inadequate damages are awarded has the remedy of asking for a new trial. Tex.R.Civ.P. 324(b)(4). However, the Appellee did not move for a new trial. Appellee accepted the verdict of the jury, leaving the Appellant the "winner" on the breach of contract theory.

Appellee's cross-point is overruled.

█ The Appellant claims that he should be entitled to attorney's fees as found by the jury under his Deceptive Trade Practices Act allegations against the Appellee. However, the Appellant was unable to obtain a finding that he had suffered any actual damages, therefore, he is precluded from recovering attorney's fees. Tex.Bus. & Com.Code Ann. § 17.50, (Vernon 1987); *Nabours v. Longview Savings & Loan,* 700 S.W.2d 901 (Tex.1985). He asserts that the trial court should have found, as a matter of law, that Appellant incurred actual damages, but this assertion does not warrant discussion.

We reverse the judgment of the trial court and render a take nothing judgment against Appellant Mark Scharer.

## OPINION ON MOTION FOR REHEARING

OSBORN, Chief Judge.

█ On motion for rehearing, we sustain in part Appellee's Point of Error No. One,

even though the point is not artfully drawn. The argument is made that the evidence supported the trial court's finding of damages for breach of contract as a matter of law.

As shown by our original opinion, the jury found for the Appellee on its contract theory of recovery when it found the parties entered into a contract, and that Mark Scharer materially breached the contract. But, the jury also found that Appellee, John's Cars, Inc., did not suffer any damages as a result of the breach of contract. On motion of the Appellee, the trial court disregarded the "None" finding on the damages issue and found damages as a matter of law for $5,820.00. We originally sustained Appellant's Point of Error No. Three and concluded that the trial court erred in setting aside the jury's answer of "None" and making a finding of damages as a matter of law. By Motion for Rehearing the Appellee asserts we erred in this regard.

When Mark Scharer testified he acknowledged that he had concluded after the work was performed on his Jaguar by John's Cars, Inc., that he owed them money for some services, but not the amount that was claimed as due. He calculated that he still owed $5,434.00 and sent a check for that amount. That check was not accepted or cashed by John's Cars, Inc., and the whereabouts of the check was unknown to all parties at the time of trial. Mr. Scharer testified on direct examination in this case as to the various calculation he had made as to what he thought was owed and what was claimed against him. He finally concluded as follows:

> So, I subtracted those numbers from the original agreement that we had plus the extras. That came to a total of $5,434 that I owed John's Cars.

This judicial admission was binding on the Appellant, as a party to the suit, and was sufficient for the trial court to find as a matter of law that Appellee sustained damages as a matter of law in that amount. The trial court had sufficient evidence, as a matter of law, based upon the judicial admission, to set aside the jury

finding of "None" and award damages in the amount of $5,434.00. The sworn testimony of Mark Scharer as to what he owed Appellee was sufficient to meet the test for a judicial admission and thereby support a judgment for the opposing party. See *Griffin v. Superior Insurance Company*, 338 S.W.2d 415 (Tex.1960). We reform the judgment to permit recovery of $5,434.00. Payment having been tendered, but refused, no prejudgment interest is recoverable. There is no point of error in the motion for rehearing complaining as to denial of attorney's fees.

The judgment of the trial court will be reformed to provide that John's Cars, Inc., have and recover from Mark R. Scharer the sum of $5,434.00, plus interest from April 15, 1988, and its costs.