TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00256-CV






Sharon Washington, Appellant



v.



Theresa Sanchez, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 230,441, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING 







 Appellee, Theresa Sanchez, sued appellant, Sharon Washington, for personal injuries
Sanchez sustained in a rear-end collision caused by Washington. The trial court directed a verdict for
Sanchez on the issue of Washington's negligence. The jury, however, failed to find that Sanchez had
incurred any damages as a result of the accident. Upon Sanchez's motion, the trial court rendered a
judgment non obstante veredicto ("judgment n.o.v.") in favor of Sanchez on the issue of damages and
awarded her amounts for medical expenses and pain and suffering. Washington now appeals. We will
reverse the judgment n.o.v. of the trial court and render judgment on the verdict of the jury.


BACKGROUND

 On the morning of January 8, 1996, Sanchez was stopped at a stop sign preparing to turn
right. Washington, thinking that Sanchez was at a yield sign, did not stop her vehicle and collided with the
rear of Sanchez's stopped car. Washington testified that she was traveling around twenty miles per hour
when she hit Sanchez and described the impact as "a typical bumping [of] a fender from the rear." 
Washington also testified that she repeatedly asked Sanchez at the scene of the accident if she was injured,
and Sanchez replied "no." However, Sanchez testified that she began feeling pain in her neck and lower
back several hours after the accident. Two days later, she visited Dr. Thomas Schwab, who diagnosed
her with a sprained neck and back and referred her to a physical therapist.

 The trial court granted Sanchez's motion for a directed verdict, finding that Washington was
negligent as a matter of law. The only question that was submitted to the jury was the amount of monetary
damages, if any, necessary to compensate Sanchez for her injuries resulting from the accident. The jury
answered zero, declining to award Sanchez damages for reasonable expenses for past medical care or for
pain and suffering. Rather than requesting a new trial, Sanchez moved for judgment n.o.v., which the trial
court granted. Disregarding the jury's failure to find damages, the trial court awarded Sanchez $2,102 for
medical expenses and $6,200 for pain and suffering. In four points of error, Washington contends on
appeal that the trial court erred by: (1) directing a verdict on the issue of negligence; (2) granting Sanchez's
motion for judgment n.o.v. on the issue of damages; (3) rendering judgment for medical expenses; and (4)
awarding damages for Sanchez's pain and suffering. Because of our disposition of points of error two,
three, and four, we need not address Washington's first point of error.


DISCUSSION

 A trial court may render judgment n.o.v. only if a directed verdict would have been proper. 
See Tex. R. Civ. P. 301; Fort Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex.
1991). A motion for judgment n.o.v. should be granted when the evidence is conclusive and one party is
entitled to prevail as a matter of law. See John Masek Corp. v. Davis, 848 S.W.2d 170, 173 (Tex.
App.--Houston [1st Dist.] 1992, writ denied). In order to uphold a trial court's judgment n.o.v., the
reviewing court must determine that no evidence supports the jury's findings. See Mancorp, Inc. v.
Culpepper, 802 S.W.2d 226, 227 (Tex. 1990); Cannon v. ICO Tubular Servs., Inc., 905 S.W.2d 380,
386 (Tex. App.--Houston [1st Dist.] 1995, no writ). In deciding a no-evidence point, the appellate court
must consider only the evidence and inferences tending to support the jury's verdict and disregard all
evidence and inferences to the contrary. See Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995); Russell v. Ramirez, 949 S.W.2d 480, 491 (Tex. App.--Houston [14th Dist.] 1997, no writ). 
If more than a scintilla of evidence supports the jury finding, it must be upheld. See Crye, 907 S.W.2d at
499. The evidence supporting a finding amounts to more than a scintilla if reasonable minds could arrive
at the finding given the facts proved in the particular case. Id. 

 Given the standard of review, the only way the trial court could have properly disregarded
the jury's failure to find damages and substituted its own findings would have been if the evidence
conclusively established, as a matter of law, that as a result of the accident Sanchez suffered damages in
the amounts of $2,102 for medical bills and $6,200 for pain and suffering. Thus, the issue for this Court
to decide is whether the evidence established as a matter of law that Sanchez incurred these damages as
a result of the accident with Washington. For the reasons discussed herein, we hold that it does not.

 To prove her damages, Sanchez introduced into evidence medical bills from the physician
and physical therapist showing charges of $2,102. While her treating physician and physical therapist did
not testify at trial, Sanchez introduced their affidavits setting forth the amount of her past medical expenses. 
See Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (West 1997). The affidavits also stated that the amount
was reasonable and the services necessary. Washington did not file controverting affidavits. Section
18.001, in relevant part, provides:


(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the
amount a person charged for a service was reasonable at the time and place that the
service was provided and that the service was necessary is sufficient evidence to support
a finding of fact by a judge or jury that the amount charged was reasonable or that the
service was necessary.



See Id. § 18.001(b). Section 18.001, however, does not state that the affidavit evidence is conclusive, nor
does it establish causation. Beauchamp v. Hambrick, 901 S.W.2d 747, 749 (Tex. App.--Eastland
1995, no writ). 

 Sanchez asserts that causation was established in a "number of ways." Sanchez introduced
the records of Dr. Schwab, which indicated that Sanchez came to see him as a result of injuries sustained
in an accident on January 8, 1996. In addition, she introduced the medical bills from her visits to the
physical therapist who treated her at Dr. Schwab's request. Those records similarly reflect that her
treatment was for injuries received in an accident on January 8, 1996. Finally, Sanchez testified that the
accident caused her injuries which occasioned the medical bills from both Dr. Schwab and the physical
therapist. This evidence, however, all stems from Sanchez's self-interested statements. As such, it does
not establish causation as a matter of law but merely creates a fact issue for the jury. See Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990) (citing Cochran v. Wool Growers Cent.
Storage Co., 166 S.W.2d 904, 908 (Tex. 1942)); Schwartz v. Pinnacle Communications, 944 S.W.2d
427, 434 (Tex. App.-- Houston [14th Dist.] 1997, no writ). Furthermore, there was evidence that
Sanchez had seen a doctor for back pain approximately eight years prior to the accident. The jury is the
sole judge of the credibility of witnesses and the weight to be given their testimony. See Western Atlas
Int'l, Inc. v. Wilson, 930 S.W.2d 782, 784 (Tex. App.--Tyler 1996, writ denied). Accordingly, the jury
could have disbelieved that Sanchez's medical expenses resulted from the accident with Washington.

 Moreover, there was evidence to support the jury's failure to find that Sanchez had been
injured as a result of the accident. Washington testified that Sanchez told her at the scene of the accident
that she was not hurt. Also at that time, Sanchez told the police officer that she did not know if she was
hurt. She did not go to the hospital following the accident. Sanchez did not even see a doctor for two
days, and the doctor's records indicate that the attorney representing her referred her to the doctor. 
Furthermore, Sanchez testified that she did not take the medicine that the doctor prescribed for pain. 
Sanchez did not miss a day of work, nor did she indicate to anyone at work that she needed, or was
receiving, medical treatment. Consequently, we conclude that the jury could have been persuaded that
Sanchez was uninjured in the accident. 

 The trial court also erred in awarding Sanchez damages for pain and suffering. The amount
of damages to be awarded is a question of fact for the jury to determine. See Scharer v. John's Cars,
Inc., 776 S.W.2d 228, 231 (Tex. App.--El Paso 1989, writ denied). A trial court may not substitute its
own findings in place of those of the jury unless the evidence clearly establishes as a matter of law that such
an award is required. See Scharer, 776 S.W.2d at 231; Brownsville & Matamoros Bridge Co. v. Null,
578 S.W.2d 774, 780 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.). Sanchez, however, did
not prove that she was entitled to damages for pain and suffering as a matter of law. The record contains
conflicting evidence regarding pain and suffering and whether Sanchez even suffered injuries as a result of
the accident. Most importantly, there was no evidence establishing as a matter of law that the $6,200
which the trial court awarded was appropriate compensation for her pain and suffering, if any. 


CONCLUSION

 Not only did Sanchez fail conclusively to establish damages as a result of the accident, but
the record contains evidence from which the jury could have failed to find damages. At most, the trial court
could have granted Sanchez a new trial, but rendition of judgment n.o.v. was erroneous under these facts. 
We sustain Washington's second, third, and fourth points of error and reverse the judgment n.o.v. of the
trial court. In the absence of cross-points sufficient to prevent an affirmance of the judgment had one been
entered on the jury's verdict, we render judgment in accordance with the jury's verdict that Sanchez take
nothing. See McDade v. Texas Commerce Bank, Nat'l Ass'n, 822 S.W.2d 713, 720 (Tex.
App.--Houston [1st Dist.] 1991, writ denied).



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Rendered

Filed: July 2, 1998

Do Not Publish



causation. Beauchamp v. Hambrick, 901 S.W.2d 747, 749 (Tex. App.--Eastland
1995, no writ). 

 Sanchez asserts that causation was established in a "number of ways." Sanchez introduced
the records of Dr. Schwab, which indicated that Sanchez came to see him as a result of injuries sustained
in an accident on January 8, 1996. In addition, she introduced the medical bills from her visits to the
physical therapist who treated her at Dr. Schwab's request. Those records similarly reflect that her
treatment was for injuries received in an accident on January 8, 1996. Finally, Sanchez testified that the
accident caused her injuries which occasioned the medical bills from both Dr. Schwab and the physical
therapist. This evidence, however, all stems from Sanchez's self-interested statements. As such, it does
not establish causation as a matter of law but merely creates a fact issue for the jury. See Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990) (citing Cochran v. Wool Growers Cent.
Storage Co., 166 S.W.2d 904, 908 (Tex. 1942)); Schwartz v. Pinnacle Communications, 944 S.W.2d
427, 434 (Tex. App.-- Houston [14th Dist.] 1997, no writ). Furthermore, there was evidence that
Sanchez had seen a doctor for back pain approximately eight years prior to the accident. The jury is the
sole judge of the credibility of witnesses and the weight to be given their testimony. See Western Atlas
Int'l, Inc. v. Wilson, 930 S.W.2d 782, 784 (Tex. App.--Tyler 1996, writ denied). Accordingly, the jury
could have disbelieved that Sanchez's medical expenses resulted from the accident with Washington.

 Moreover, there was evidence to support the jury's failure to find that Sanchez had been
injured as a result of the accident. Washington testified that Sanchez told her at the scene of the accident
that she was not hurt. Also at that time, Sanchez told the police officer that she did not know if she was
hurt. She did not go to the hospital following the accident. Sanchez did not even see a doctor for two
days, and the doctor's records indicate that the attorney representing her referred her to the doctor. 
Furthermore, Sanchez testified that she did not take the medicine that the doctor prescribed for pain. 
Sanchez did not miss a day of work, nor did she indicate to anyone at work that she needed, or was
receiving, medical treatment. Consequently, we conclude that the jury could have been persuaded that
Sanchez was uninjured in the accident.