ALL VALLEY ACCEPTANCE
COMPANY, Appellant,

v.

Earl L. DURFEY, et ux., et
al., Appellees.

No. 3–88–248–CV.

Court of Appeals of Texas,
Austin.

Dec. 12, 1990.

Rehearing Overruled Jan. 16, 1991.

Terence A. Willis, Willis, Hickey & Hougham, San Antonio, for appellant.

Philip K. Maxwell, Tim Labadie, Longley & Maxwell, Austin, for appellees.

Before POWERS, GAMMAGE and JONES, JJ.

PER CURIAM.

Appellees Earl and Bonnie Durfey sued appellant All Valley Acceptance Company in the district court of Travis County as-

serting that All Valley breached the parties' "Manufactured Home Retail Installment Sales Contract and Security Agreement." Tex.Bus. & Com.Code §§ 9.504 and 9.507 (Supp.1991). The district court rendered partial summary judgment that the Durfeys recover $37,752.87 from All Valley and, after a bench trial, that the Durfeys recover attorney's fees. This Court will affirm the judgment.

The summary judgment proof showed that in October 1986, the Durfeys entered into an installment sales contract with Thomas Homes of Texas to purchase a manufactured home which had been built by Fleetwood Homes of Texas, Inc.[1] After moving into the home, the Durfeys and their son suffered allergic reactions to formaldehyde which had been used in the manufacture of the home. As a result, the Durfeys vacated the home in March 1987.

After moving out, the Durfeys retained an attorney who wrote All Valley of the formaldehyde problems the family had experienced. Counsel's letter informed All Valley of the Durfeys' monetary damages and indicated that the matter could be settled if their existing home was replaced with a formaldehyde-free one and their medical, hotel, and legal expenses were paid. The Durfeys did not sign the letter.

In April 1987, after notifying All Valley of the problems with the home, the Durfeys stopped making the monthly payments to All Valley. As a result, in June 1987, All Valley sent the Durfeys a notice of default and right to cure letter, citing the Durfeys' failure to make payments for April, May and June. The Durfeys received All Valley's letter but did not respond. In early August 1987, All Valley repossessed the home with the consent of the Durfeys.[2]

After repossessing the home, All Valley sent the Durfeys a "Notice of Private Sale" dated August 24, 1987. The notice stated that the home would be sold at a private

sale "on or after the 3rd day of September, 1987." The notice was sent by certified mail, return receipt requested. All Valley never received the return receipt and the certified letter was eventually returned unclaimed.

Two days after this notice was sent to the Durfeys, on August 26, All Valley entered into a contract of sale with a third party and on August 28, the contract was funded by All Valley and the repossessed home sold to that party. This sale, conducted before the date indicated in the notice of sale sent to the Durfeys, gave rise to this lawsuit.

The district court rendered partial summary judgment as to liability on the breach of contract and § 9.504 claims. By several points of error, All Valley complains of the judgment. We first address All Valley's claim that summary judgment was improper because the Durfeys had renounced or modified their right to notice of the resale.

■ In regard to a secured party's right to dispose of collateral after the debtor defaults, Texas Business and Commerce Code § 9.504 (Supp.1991), provides:

Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, *if he has not signed after default a statement renouncing or modifying his right to notification of sale.*

(Emphasis added). All Valley complains that the letter written by the Durfeys' attorney, in which he informed All Valley that the home had been vacated and the Durfeys were seeking compensation, constituted a renunciation or modification of their right to notice of the resale. Section 9.504 provides, however, that a debtor may

---

1. Thomas Homes and Fleetwood Homes were also defendants in this suit. However, the district court severed the cause of action against All Valley from that asserted against the other defendants.

2. The Durfeys had purchased a new mobile home and were living in it at the time of the repossession.

waive his right to notice only by executing a written statement after default which is *signed by the debtor.* This provision of § 9.504 has been strictly construed to require a specific, knowing waiver of the right to notice, in writing and actually bearing the signature of the debtor. *O'Neil v. Mack Trucks, Inc.,* 533 S.W.2d 832 (Tex. Civ.App.1976), *rev'd on other grounds,* 542 S.W.2d 112 (Tex.1976); *Food City, Inc. v. Fleming Companies, Inc.,* 590 S.W.2d 754 (Tex.Civ.App.1979, no writ); *Garza v. Brazos County Federal Credit Union,* 603 S.W.2d 298 (Tex.Civ.App.1980, no writ). These opinions are consistent with those in other states which have adopted the same provision of the Uniform Commercial Code. *In Re Forest Enterprises,* 64 B.R. 310 (Bankr.M.D.Fla.1986) (citing the Florida statute); *Simmons Machinery Co. v. M & M Brokerage, Inc.,* 409 So.2d 743 (Ala. 1981); *Underwood v. First Alabama Bank of Huntsville,* 453 So.2d 742 (Ala.Civ.App. 1983); *Burdick v. Tucker,* 780 P.2d 34 (Colo.Ct.App.1989); *Stensel v. Stensel,* 63 Ill.App.3d 639, 20 Ill.Dec. 548, 380 N.E.2d 526 (1978); *Union Trust Co. of Ellsworth v. Hardy,* 400 A.2d 384 (Me.1979); *Boatman's Bank of Nevada v. Dahmer,* 716 S.W.2d 876 (Mo.Ct.App.1986); *Western National Bank of Casper v. Harrison,* 577 P.2d 635 (Wyo.1978).

In the instant appeal, the letter from the Durfeys' attorney to All Valley was not signed by the Durfeys nor did it ever mention a waiver of their right to notice of sale of the mobile home. Accordingly, the letter does not constitute a modification or renunciation of the type that is contemplated by § 9.504.

■ All Valley claims, also, that summary judgment was improper because the Durfeys waived their right to notice of the sale by agreeing to the repossession of the home by All Valley. All Valley suggests, as well, that the Durfeys should be estopped from asserting their right to notice under § 9.504 for the same reason. We do not agree. In Texas, and in many other states which have adopted the same U.C.C. provision, voluntary surrender of the collateral does not constitute waiver of the debt-

or's right to notice of resale of the collateral. *O'Neil,* 533 S.W.2d at 836; *Executive Financial Services, Inc. v. Garrison,* 722 F.2d 417 (8th Cir.1983) (construing Missouri statute); *Gavin v. Washington Post Employees Federal Credit Union,* 397 A.2d 968 (D.C.App.1979); *Rock Rapids State Bank v. Gray,* 366 N.W.2d 570 (Iowa 1985); *Citizens State Bank v. Sparks,* 202 Neb. 661, 276 N.W.2d 661 (1979); *Lindberg v. Williston Industrial Supply Co.,* 411 N.W.2d 368 (N.D.1987).

■ This Court also disagrees with All Valley's suggestion that summary judgment was improper because the Durfeys failed to prove they had suffered any actual damages by not receiving notice of the resale. When a creditor fails to comply with § 9.504 of the Texas Business and Commerce Code, damages are specifically provided for in § 9.507 of the Code. The debtor need not prove any other damages in order to recover under the statute. Tex. Bus. and Com.Code Ann. § 9.507(a) (Supp. 1991); *First City Bank–Farmers Branch v. Guex,* 677 S.W.2d 25, 29 (Tex.1984); *Garza v. Brazos County Federal Credit Union,* 603 S.W.2d at 300.

■ All Valley further attacks the partial summary judgment on the basis that the Durfeys' summary judgment evidence did not establish that there was no genuine issue of fact with regard to lack of proper notification and breach of contract. Section 9.504 requires that "reasonable notification" be given such that the debtor will have sufficient time to take steps to protect his or her interest. *See* Tex.Bus. & Com. Code § 9.504, Comment 5 (Supp.1991). What constitutes "reasonable notification" is not otherwise defined in the statute; instead, it is left to the contracting parties to establish the parameters of that term within their particular agreement.

In the instant appeal, the contract of sale specifically stated that should a sale of the collateral take place, the creditor may comply with the statutory requirement of reasonable notification by mailing notice of the sale "at least ten days before such event...." This contract of sale was a part of the summary judgment proof as

was the notification of sale sent by All Valley, dated August 24, 1987, which indicated that a sale would take place "on or after September 3, 1987." The uncontroverted summary judgment proof showed that All Valley sold the home on August 28, 1987, only four days after the notice was sent. No other effort to notify the Durfeys was made nor did the Durfeys have actual notice of the August 28th sale.

Notice of the September 3rd sale, mailed ten days before that date, cannot serve as reasonable notice of a sale conducted on August 28th. *See, e.g., Wright v. Interfirst Bank Tyler, N.A.*, 746 S.W.2d 874, 877 (Tex.App.1988, no writ). The result of All Valley's actions was that the Durfeys had no notice of the August 28th sale, and the summary judgment evidence plainly established that fact. Accordingly, there was no genuine issue of material fact as to whether the Durfeys received reasonable notification of the resale as required by § 9.504.

■ The same summary judgment proof established that All Valley breached the terms of the contract of sale. All Valley is correct in its assertion that the notice provision of the contract did not mandate that it give at least ten days notice to the Durfeys. The contract did, however, provide that if All Valley chose to satisfy the reasonable notice of sale requirement of § 9.504 by sending such by mail, the notice was to be mailed "at least ten days before such event." The uncontroverted summary judgment evidence established that notice was mailed on August 24th and the sale occurred on August 28th. Given that no other means of notice was attempted by All Valley, this conclusively establishes that All Valley breached the notice provision of the contract.

All Valley next complains of the district court's judgment awarding attorney's fees. Specifically, All Valley asserts by point of error that the district court erred in disallowing its trial amendment specifically denying that the Durfeys had ever properly "presented" their claim. Second, All Valley claims that the court erred in awarding attorney's fees absent proof of actual damages. We overrule both contentions.

■ As to its first contention, All Valley's point of error misses the mark. It is true that when statutory attorney's fees are sought, a prerequisite to recovery is that plaintiff plead and prove presentment of the claim at least thirty days before judgment and that the claim was not paid. *Stafford v. Brennan*, 498 S.W.2d 703, 706 (Tex.Civ.App.1973, no writ); *El Paso Moulding and Manufacturing, Inc. v. Southwest Forest Industries, Inc.*, 492 S.W.2d 331 (Tex.Civ.App.1973, writ ref'd n.r.e.); *W.G. Tufts and Son v. Herider Farms, Inc.*, 485 S.W.2d 300, 303 (Tex.Civ. App.1972, writ ref'd n.r.e.). Our examination of the record reveals no proof of presentment on the issue of attorney's fees. However, All Valley does not complain of no evidence; it asserts only that the trial court erred in refusing the proferred trial amendment pleading lack of presentment and, by virtue of this denial, the Durfeys were not put to their proof in regard to presentment. We do not agree.

■ The trial court did not err in refusing the trial amendment because presentment had already been put into issue by All Valley's general denial. *Watson Electric Supply Co. v. Warren*, 597 S.W.2d 538, 540 (Tex.Civ.App.1980, no writ); *Edinburg Meat Products Co. v. Vernon Co.*, 535 S.W.2d 432, 437 (Tex.Civ. App.1976, no writ); *El Paso Moulding and Manufacturing*, 492 S.W.2d at 334. Lack of a specific denial of presentment does not relieve the plaintiff of the burden to prove presentment as part of his case. Even though there is no proof of presentment, All Valley *did not* advance a "no evidence" point of error and thus has waived any such complaint.

■ We also overrule All Valley's point of error asserting that the Durfeys were not entitled to attorney's fees because they suffered no actual damages. In *First City Bank–Farmers Branch v. Guex*, 677 S.W.2d 25 (Tex.1984), the Supreme Court considered an identical situation. In *Guex*, the Supreme Court concluded that since the plaintiff's claim arose out of a contract this

was sufficient to support recovery of attorney's fees pursuant to § 38.001 of the Texas Civil Practice and Remedies Code. No other proof of damages is required. *Guex,* 677 S.W.2d at 30.

All Valley's next point of error asserts that the legal doctrine of "de minimus non curat lex" should bar recovery by the Durfeys in this suit. All Valley suggests, thereby, that its failure to give notice of the resale of the mobile home to the Durfeys was a trivial matter, undeserving of this Court's attention. Sections 9.504 and 9.507 mandate to the contrary. The point of error is overruled.

All Valley next contends that § 9.507, the penalty provision of the statute, violates its rights to due process and equal protection under the United States and Texas Constitutions. The principal thrust of its complaint seems to be that this part of the statute is unduly harsh and unreasonable as applied to the manufactured home industry. We do not agree.

In analyzing the constitutionality of a statute in Texas, one begins with the presumption that the statute is constitutional and a just and reasonable result is intended by its enactment. Tex.Gov't Code Ann. § 311.021(1), (3) (1988). Any governmental enactment may impose restraints or burdens on private individuals or businesses. However, the essence of the state's police power is the control of private business for the public welfare and a statute is not rendered unconstitutional by the fact that property or private rights of persons are thereby subjected to restraint or that loss will result from its enforcement. *Town of Ascarate v. Villalobos,* 148 Tex. 254, 223 S.W.2d 945 (1949). A statute will not be declared unconstitutional "merely on the grounds that it is harsh, unwise, or impolitic." *Mass. Indem. & Life Ins. Co. v. Tex. State Bd. of Ins.,* 685 S.W.2d 104 (Tex.App.1985, no writ). This Court is not persuaded by All Valley's argument that because the penalty contained therein is severe, § 9.507 of the Texas Business and Commerce Code is unconstitutional. The point of error is overruled.

During oral argument and by way of post submission brief, All Valley claimed that the Durfeys were not entitled to notice of the sale of the manufactured home because the letter written by their attorney, requesting replacement of the home and payment for damages, constituted a revocation of acceptance of the home. The matter of revocation of acceptance was never presented to the trial court, and this Court cannot consider an issue not expressly presented to the trial court. Tex.R.Civ.P. Ann. 166a(c) (Supp.1990).

The judgment is affirmed.