Fred L. PEREZ, Jr. and Eddie R. Schmidt, Appellants,

v.

R. Bryan GULLEY, Appellee.

No. 13–91–201–CV.

Court of Appeals of Texas,
Corpus Christi.

April 23, 1992.

Rehearing Overruled May 21, 1992.

Bradford M. Condit, Corpus Christi, for appellants.

Curtis B. Dyer, Corpus Christi, for appellee.

Before NYE, C.J., and BISSETT [1] and SEERDEN, JJ.

## OPINION

BISSETT, Justice (Assigned).

Fred Perez and Eddie Schmidt, plaintiffs in the trial court, appeal from a summary judgment granted in favor of Brian Gulley that Perez and Schmidt's causes of action

**1.** Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

against Gulley were barred by limitations. Perez and Schmidt bring six points of error complaining that the trial court incorrectly applied a two-year rather than a four-year limitations period to their causes of action against Gulley. We affirm in part, and reverse and remand in part.

By Plaintiffs' First Original Petition, filed on April 18, 1990, Perez and Schmidt alleged that on January 2, 1988, Gulley negligently damaged an aircraft jointly owned by members of the South Texas Squadron, when the aircraft crashed, and that on January 24, 1988, Gulley contractually agreed to pay $4,000 to Schmidt and to purchase another aircraft for $60,000 in which he would assign a $30,000 equity share to Perez, but that Gulley has failed to comply with his contractual obligations.

Later, by Plaintiffs' Third Amended Petition, filed on February 5, 1991, Perez and Schmidt alleged that in January 1987 they agreed with Gulley to share the use and maintenance of a 1967 Beechcraft Musketeer aircraft, with ownership of the aircraft 62.5% in Perez, 25% in Schmidt, and 12.5% in Gulley, and that they further agreed that whoever negligently damaged the aircraft would pay for the loss. Plaintiffs alleged that Gulley thereafter negligently crashed the aircraft in Mexico by failing to insure enough fuel for his flight, and then negligently left the aircraft unguarded after the crash. Plaintiffs further alleged that on January 24, 1988, Gulley agreed to pay $4,000 to Schmidt and to purchase another aircraft for $60,000 in which he would assign a one-half share to Perez, and that Gulley has failed to satisfy this debt. Plaintiffs contended that Gulley's conduct constituted a breach of contract, negligence, gross negligence, fraud, breach of the duty of good faith and fair dealing, and breach of fiduciary duty.

By his motion for summary judgment, Gulley contended that all of the acts or omissions alleged in plaintiffs' petitions as elements of their causes of action occurred prior to January 24, 1988, and that, since

Gov't Code Ann. § 74.003 (Vernon 1988).

the Plaintiffs' lawsuit was not filed on or before two years later, it was filed beyond the two-year statute of limitations period under Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). The trial court then granted summary judgment for Gulley that all causes of action were subject to the two-year statute of limitations and were barred.

By six points of error, appellants complain that the trial court erred in granting summary judgment for the reason that appellants' claims for breach of contract, fraud, debt, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and negligence and gross negligence, respectively, are not barred by the two-year statute of limitations.

■ For limitations purposes, an action for fraud is one for a debt and is governed by the four-year statute of limitations under Tex.Civ.Prac. & Rem.Code Ann. § 16.-004(a)(3) (Vernon 1986). *Williams v. Khalaf,* 802 S.W.2d 651, 656–58 (Tex.1990). The section 16.004(a)(3) limitations period on an action for debt also includes all suits brought to recover money for breach of contract. 50 Tex.Jur.3d *Limitation of Actions* § 32 (1986). In addition, inasmuch as breach of fiduciary duty subsumes a claim of constructive fraud, it also is governed by a four-year statute of limitations. *See Khalaf,* 802 S.W.2d at 657–58; *Spangler v. Jones,* 797 S.W.2d 125, 132 (Tex.App.—Dallas 1990, writ denied); Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986).

Therefore, we hold that the trial court erred in finding these causes of action to have been barred by the two-year statute of limitations. We sustain appellants' first, second, third, and fourth points of error.

■ The two-year statute of limitations governing actions for personal injury, Tex. Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986), is applicable to negligence and gross negligence causes of action. *American Centennial Insurance Co. v. Canal Insurance Co.,* 810 S.W.2d 246, 255 (Tex. App.—Houston [1st Dist.] 1991, writ granted); *Church v. Ortho Diagnostic Systems, Inc.,* 694 S.W.2d 552, 555–56 (Tex.App.— Corpus Christi 1985, writ ref'd n.r.e.); 50

Tex.Jur.3d *Limitation of Actions* § 37 (1986). Section 16.003 also applies to a cause of action for breach of the duty of good faith and fair dealing. *Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W.2d 165, 168 (Tex.1987).

We hold that the trial court correctly found these causes of action barred by the two-year statute of limitations. We overrule appellants' fifth and sixth points of error.

The summary judgment of the trial court on the breach of the duty of good faith and fair dealing, and the negligence and gross negligence causes of action is AFFIRMED. The judgment on the breach of contract, fraud, debt, and breach of fiduciary duty causes of action is REVERSED, and this cause is REMANDED for trial.