**APEX TOWING COMPANY, Apex Barge Company and Apex Oil Company, Appellants,**

**v.**

**William M. TOLIN, III, Benckenstein & Oxford, L.L.P. and Hebert, Mouledoux & Bland, Appellees.**

**No. 09–97–327CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 11, 1999.

Decided Aug. 26, 1999.

Rehearing Overruled Oct. 7, 1999.

---

**904**

Roland Reese, John H. Glover, Ray Blackwood, Chamberlain, Hrdlicka, White, Williams & Martin, PC, Houston, for appellant.

George Michael Jamail, Reaud Law Firm, Beaumont, Sam Cruse, Jr., Stephen R. Bailey, Cruse, Scott, Henderson & Allen, Houston, for appellee.

Before BURGESS, STOVER and HILL,[1] JJ.

---

**1.** The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

## OPINION

JOHN HILL, Justice (Assigned).

Apex Towing Company, Apex Barge Company, and Apex Oil Company (Apex) appeal a take-nothing summary judgment in their legal malpractice suit against William M. Tolin, III, Benckenstein & Oxford, L.L.P. and Hebert, Mouledoux & Bland (appellees). They present nine issues.

We affirm.

Apex contends in the first issue that the trial court erred in granting the appellees' motion for summary judgment based upon the statute of limitations. Apex brought this legal malpractice action against the appellees, alleging that they mishandled its defense of a lawsuit involving a vessel, the M/V KARMAN P. The alleged malpractice involved a failure to file a limitation of liability action, leaving Apex with a liability exposure in excess of the value of the vessel, and other related allegations.

The appellees filed motions for summary judgment urging that Apex's claims were barred by the two-year statute of limitations. Apex responded that it had filed its claim within two years of when it accrued or that it was timely filed due to certain tolling provisions.

■ A claim of legal malpractice accrues when the client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered the facts establishing the elements of a cause of action. *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 156 (Tex.1991). In this case Apex sustained a legal injury no later than August 31, 1994, the date the trial court signed a judgment against them in excess of any limit that could have been imposed had the appellants sought a maritime limit of their liability. At that point, Apex had discovered or should have discovered any elements of their cause of action for legal malpractice. Because they did not file this lawsuit until February 19, 1997, the trial court did not err in granting the summary judgment because their claims were barred by the two-year statute of limitations.

■ Apex contends their claim was timely filed because of two tolling provisions. They first rely upon the tolling principle announced in *Hughes*, 821 S.W.2d at 157, to the effect that when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted. However, the Court has subsequently narrowed the tolling provision to situations where the client is continuing to use the same lawyer in the pending litigation. *See Murphy v. Campbell*, 964 S.W.2d 265, 272 (Tex.1997). *See also Swift v. Seidler*, 988 S.W.2d 860, 862 (Tex.App.—San Antonio 1999, pet. denied) and *Norman v. Yzaguirre & Chapa*, 988 S.W.2d 460, 463 (Tex.App.—Corpus Christi 1999, no pet.). Inasmuch as Apex had replaced the appellees with new counsel by no later than January 27, 1995, the rule as originally stated in *Hughes* no longer applied. *See Norman*, 988 S.W.2d at 463. Because Apex filed its claim more than two years after January 27, 1995, it was not timely filed despite any tolling there might have been based upon *Hughes*.

■ Apex also insists that the statute of limitations was tolled by Section 16.064 of the Texas Civil Practices and Remedies Code, which provides as follows:

**§ 16.064 Effect of Lack of Jurisdiction**

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is com-

menced in a court of proper jurisdiction.

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.064 (Vernon 1997).

Apex initially filed suit against the appellees in Louisiana. It subsequently refiled its suit in Texas. Later, the Louisiana lawsuit was dismissed. Apex urges that this section tolled the statute of limitations because the Louisiana lawsuit was dismissed for want of jurisdiction.

■ Our record reflects that after Apex brought its lawsuit in Louisiana, and the Texas firm of Benckenstein & Oxford filed what are termed exceptions as to personal jurisdiction, Apex responded to the trial court that if it would dismiss the Louisiana firm of Hebert, Mouledoux & Bland without prejudice, Apex would not oppose the Texas firm's exceptions relating to jurisdiction; otherwise, Apex indicated it would assert the court had jurisdiction over the Texas firm. Subsequently, the Louisiana trial court, indicating that Apex had moved to dismiss all of the defendants, dismissed Apex's claims against the appellees without prejudice. The only reason for the dismissal reflected in the trial court's judgment was that Apex had requested it. It did not mention lack of jurisdiction. Section 16.064 does not apply where the prior dismissal, as construed with reference to the pleadings, is not conclusively shown to be for lack of jurisdiction. *See Allen v. Port Drum Co., Inc.,* 777 S.W.2d 776, 778 (Tex.App.—Beaumont 1989, writ denied).

Apex urges that there are indications the dismissal in the Louisiana court was due to a lack of jurisdiction. This ignores the fact that the order itself indicates the dismissal was due to Apex's request the case be dismissed, making no reference to lack of jurisdiction. In any event, Apex has not conclusively shown the dismissal was for lack of jurisdiction.

■ Apex further urges that if the summary judgment was based on a theory other than that there was a binding and enforceable settlement of the underlying case on January 27, 1995, the summary judgment was based upon grounds not stated in the motion, contrary to the holding of *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). Each of the appellees' motions for summary judgment urged that Apex's case was barred by limitations because it accrued no later than January 27, 1995, because of a settlement on that date. The motion was granted and we have held that the motion was properly granted because Apex's cause had accrued by that date, although for reasons unrelated to the settlement. We hold the summary judgment was granted for the grounds stated in the motion, that Apex's case was barred by limitations because it accrued by January 27, 1995, more than two years before this case was filed in Texas. *McConnell's* holding that a summary judgment may not be granted upon a motion when the grounds in support of the motion are stated in an accompanying brief, rather than the motion itself, is not inconsistent with this opinion. We overrule the contention presented by Apex in issue number one.

Apex presents three issues, issues two, three, and four, all of which are based upon a contention that the cause did not accrue until after January 27, 1995, because there was no valid settlement agreement as of that date. As we have noted previously in this opinion, the cause accrued no later than January 27, 1995, for reasons unrelated to whether there was a valid settlement by that date. We overrule the contentions presented in issues two, three, and four.

Apex insists in issue number five that the trial court erred in deciding that the suspension of limitations provided by TEX. CIV. PRAC. & REM.CODE § 16.064 does not apply to this case. We have held that it did not apply for the reason previously stated in this opinion. We overrule the contention presented in issue number five.

■ In issue six, Apex urges that it has presented a constructive fraud claim of breach of fiduciary duty, and that the lower court erred in granting summary judgment based upon the two-year statute of limitations, rather than the four-year statute of limitations found in TEX. CIV. PRAC. & REM.CODE § 16.004. The fiduciary duties that Apex alleges were breached by the appellees are those that an attorney owes to his or her client. In such a case, the two-year statute of limitations applies. *See Norman,* 988 S.W.2d at 461.

Apex urges that their cause of action for breach of fiduciary duty constitutes a constructive fraud, noting that the Texas Supreme Court has held in *Williams v. Khalaf,* 802 S.W.2d 651, 658 (Tex.1990), that causes of action for fraud are governed by the four-year statute of limitations. We have examined *Williams* and do not find it inconsistent with our holding here. We note that it did not involve a claim of breach of fiduciary duty based upon legal malpractice. *Id.*We also note that Apex alleged no fraudulent misrepresentations on the part of the appellees. Assuming that Apex is correct in urging that a breach of fiduciary duty amounts to a constructive fraud, we do not agree with their conclusion that the statute of limitations for such a claim, not involving fraudulent misrepresentations, is governed by the four-year statute of limitations.

Apex also relies on the case of *Carroll v. Jaques,* 927 F.Supp. 216, 222–23 (E.D.Tex. 1996). Apex asserts the court held that claims of fraud made by clients against their attorneys are governed by the four-year statute of limitations. We find that case to be distinguishable because the plaintiff in that case alleged a separate cause of action for fraud against the attorney based upon a fraudulent misrepresentation. In this case there was no allegation of fraud in connection with Apex's claim for malpractice, nor was there any separate cause of action for fraud asserted. Furthermore, nowhere in its responses to the appellees' motions for summary judgment did Apex ever contend that the four-year statute applied. We are not to consider as grounds for reversal issues that are not expressly presented to the trial court by written motion, answer or other response. *See* TEX.R. CIV. P. 166a(c). We overrule the contention presented in issue number six.

■ Apex contends in issues seven and nine that the trial judge should have recused himself because he had received substantial political donations from opposing counsel and from one of the parties, and that his failure to do so violated their rights under the Texas and United States Constitutions. A trial judge does not err for failing to recuse on the basis of having received campaign contributions from an attorney for a party. *See Aguilar v. Anderson,* 855 S.W.2d 799, 802 (Tex. App.—El Paso 1993, writ denied).

■ This case also involved contributions received from attorneys who were parties to the lawsuit. We need not determine whether the trial court erred in failing to recuse in that instance because, since the trial court's ruling with respect to the appellees' motions for summary judgments was correct, any such error did not probably cause the rendition of an improper judgment nor probably prevent Apex from properly presenting their case to this court. *See* TEX.R.APP. P. 44.1(a). Apex presents neither argument nor authority in support of its contention that the trial court's failure to recuse constituted a violation of its constitutional rights. Consequently, nothing is presented for review with respect to that contention. *See Howell v. Murray Mortg. Co.,* 890 S.W.2d 78, 81 (Tex.App.—Amarillo 1994, writ denied). We overrule the contentions presented by issues seven and nine.

■ Apex asserts in issue number eight that the appellees' construction of the Texas statutes of limitations would violate Art. I, § 13 of the Texas Constitution, the open courts provision, rendering the statutes of limitation unconstitutional as applied in this case. They urge this in a conclusionary fashion, without any argu-

ment or supporting authority. Consequently, nothing is presented for review with respect to their contention in this issue. *See Howell,* 890 S.W.2d at 81. We overrule Apex's contention in issue number eight.

The judgment is AFFIRMED.