**James A. McGUIRE, Appellant,**

v.

**Dorothy KELLEY, Appellee.**

**No. 06–99–00136–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 11, 2000.

Decided Jan. 3, 2001.

Opinion Overruling Rehearing
March 23, 2001.

---

Ralphaell V. Wilkins, The Wilkins Law Firm, Houston, for appellant.

Lynn J. Klement, Law Office of Lynn J. Klement, Angleton, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

James A. McGuire appeals a judgment against him and in favor of Dorothy Kelley in her lawsuit alleging breach of fiduciary duty, breach of contract, and fraud. Kelley retained McGuire, an attorney, to represent her in a personal injury claim against Montgomery Ward. McGuire negotiated a settlement on Kelley's behalf and distributed a portion of the settlement money to her. Kelley contended that McGuire failed to account to her for her rightful portion of the settlement and filed suit to recover damages.

The jury found in Kelley's favor on her breach of contract, breach of fiduciary duty, and fraud claims. Additionally, the jury found that McGuire received a $47,000.00 benefit from the settlement he negotiated on Kelley's behalf, that McGuire failed to pay Kelley $17,000.00 in settlement money, that Kelley suffered mental anguish damages of $3,000.00, that

McGuire should pay $8,000.00 as exemplary damages, and that Kelley should be awarded attorney's fees.[1] The trial court rendered judgment that Kelley recover $47,000.00 in actual damages plus prejudgment interest in the amount of $18,297.80, $8,000.00 in exemplary damages, and attorney's fees as found by the jury.

In eleven points of error, McGuire contends that the trial court erred in denying his motion for summary judgment, that the breach of fiduciary duty and breach of contract findings are based on legally insufficient evidence, that the finding of fraud is based on legally and factually insufficient evidence, that the award of mental anguish damages is based on legally insufficient evidence, that the awards of attorney's fees and exemplary damages are improper, and that the trial court abused its discretion in refusing to grant a new trial.

### STATUTE OF LIMITATIONS—BREACH OF FIDUCIARY DUTY

McGuire first contends the trial court erred in failing to rule that, as a matter of law, Kelley's cause of action for breach of fiduciary duty is barred by limitations. Kelley's cause of action against McGuire arose in 1993, and she filed suit against him in 1996 alleging fraud, breach of fiduciary duty, and breach of contract. McGuire contended that the limitations period on breach of fiduciary duty is two years, and Kelley's claim was therefore time barred. The trial court determined that the limitations period was four years and denied the motion.

At the time Kelley filed suit against McGuire, there was no statute creating a limitations period for filing a breach of

---

1. The jury assessed attorney's fees as follows: $7,500.00 for preparation and trial; $1,500.00 in the event of an appeal; $500.00 for making or responding to an application for writ of error to the Texas Supreme Court; $200.00 if application for writ of error is granted by the Texas Supreme Court.

fiduciary duty claim. Nevertheless, the appellate courts generally held that a four-year statute of limitations was appropriate in cases where breach of fiduciary duty claims were coupled with fraud claims. *See Rowe v. Rowe,* 887 S.W.2d 191 (Tex. App.—Fort Worth 1994, writ denied); *Perez v. Gulley,* 829 S.W.2d 388, 390 (Tex. App.—Corpus Christi 1992, writ denied); *Spangler v. Jones,* 797 S.W.2d 125 (Tex. App.—Dallas 1990, writ denied). Additionally, Section 16.051 of the Texas Civil Practice and Remedies Code provided for a four-year statute where no express limitations period had been established by the Legislature. TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997). Accordingly, at the time Kelley filed suit, the limitations period for bringing a breach of fiduciary duty claim was four years. The trial court correctly concluded that the limitations period was four years.[2]

McGuire also contends that the trial court's findings of fact and conclusions of law were improper because they failed to apply the two-year statute to the breach of fiduciary duty claim.[3] Additionally, he contends that the trial court's denial of his motion for judgment notwithstanding the verdict and its award of $47,000.00 in actual damages and $8,000.00 in exemplary damages for breach of fiduciary duty were improper because of the limitations period.

Based on our finding of a four-year limitations period, we overrule these points.

### BREACH OF CONTRACT AND FRAUD

▮ Next, McGuire contends that the jury's findings of breach of contract and fraud were improper. When a party pursues several causes of action arising from the same course of conduct by the defendant and resulting in a single injury, the plaintiff is limited to one satisfaction. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 7 (Tex.1991). If a jury verdict contains more than one acceptable measure of damages, a plaintiff may elect one of the recoveries by filing a motion for judgment with the trial court. *See Kish v. Van Note,* 692 S.W.2d 463, 467–68 (Tex. 1985).

▮ The jury found for Kelley on her claims of breach of fiduciary duty, breach of contract, and fraud. Kelley submitted a proposed judgment that elected recovery for breach of fiduciary duty and the corresponding actual damages of $47,000.00.[4] Adopting the proposed judgment provided by Kelley, the court rendered judgment in her favor. We find legally and factually sufficient evidence to support the jury's findings of breach of contract and breach of fiduciary duty. Since Kelley elected to recover damages on breach of fiduciary

---

2. Our conclusion is buttressed by the fact that in 1999 the Legislature amended Section 16.004 of the Civil Practice and Remedies Code and added breach of fiduciary duty to the list of claims having a four-year limitations period. Act of May 26, 1999, 76th Leg., R.S., ch. 950, § 1, 1999 Tex.Gen.Laws 3687. The Legislature stated, "The intent of this Act is to clarify existing law by resolving a conflict in case law concerning the applicable statute of limitations for actions for fraud and breach of fiduciary duty." Act of May 26, 1999, 76th Leg., R.S., ch. 950, § 2, 1999 Tex.Gen.Laws 3687.

3. On appeal, McGuire lists as an issue the legal sufficiency of the breach of fiduciary duty finding; however, he only argues that the court erroneously applied a four-year limitations period.

4. The jury concluded that McGuire received $47,000.00 from the settlement he negotiated with Montgomery Ward. Requiring an attorney to forfeit the compensation he received during the fiduciary relationship is a proper remedy for an attorney's breach of fiduciary duty. *Burrow v. Arce,* 997 S.W.2d 229, 237 (Tex.1999).

duty only, we need not discuss McGuire's challenge to the finding of fraud.

## MENTAL ANGUISH DAMAGES

McGuire also contends that the jury improperly awarded Kelley damages for mental anguish. The jury did find mental anguish damages of $3,000.00, but the trial court failed to award the mental anguish damages in the judgment. Furthermore, Kelley admits on appeal that she did not seek the award of mental anguish damages in the trial court's judgment or on appeal. The issue of mental anguish damages is therefore moot.

## ATTORNEY'S FEES

■ Next, McGuire contends that it was error to award Kelley attorney's fees. He contends that since the judgment was based on Kelley's breach of fiduciary duty claim and not on breach of contract or fraud, attorney's fees are inappropriate.

In Texas, attorney's fees are not recoverable unless authorized by statute or provided for by contract. *Travelers Indem. Co. of Connecticut v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996). Attorney's fees are recoverable in suits for breach of contract. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997). Under the facts of this case, the acts of McGuire constituting a breach of his fiduciary duty also constituted a breach of contract. Kelley is entitled to recover attorney's fees in her breach of contract suit even though she did not recover damages on a breach of contract theory, but on the breach of fiduciary duty claim. *See Novosad v. Mid–Century Ins. Co.*, 881 S.W.2d 546 (Tex.App.—San Antonio 1994, no writ); *Atlantic Richfield Co. v. Long Trusts*, 860 S.W.2d 439 (Tex. App.—Texarkana 1993, writ denied); *All Valley Acceptance Co. v. Durfey*, 800 S.W.2d 672 (Tex.App.—Austin 1990, writ denied).

## NEWLY DISCOVERED EVIDENCE

■ In his final point of error, McGuire contends that the trial court erred in failing to grant a new trial after he discovered new evidence. A party seeking a new trial on the ground of newly discovered evidence must satisfy the court (1) that the evidence came to his knowledge since the trial; (2) that it was not because of a lack of due diligence that it came late; (3) that the new evidence is not cumulative; and (4) that the new evidence is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). The trial court has wide discretion in ruling on a motion for new trial, and its action will not be disturbed on appeal absent a showing of an abuse of discretion.

McGuire contends that after trial he discovered a grievance form that Kelley had submitted to the State Bar of Texas. On the form, Kelley reported that she agreed to be represented by McGuire for a forty-five percent contingency fee, not a thirty-three percent fee as she testified at trial. McGuire asserts that this document provides new information that would have changed the outcome of the case. At trial, however, McGuire questioned Kelley as follows:

Q. You made a statement in 1994 before the State Bar that you owed your lawyer 45 percent of your gross settlement; isn't that correct?

A. Yes, sir.

Q. Now, was the statement true when it was said?

A. No.

Q. And what was your reason for lying to the State Bar?

A. I wasn't lying to the State Bar. I didn't have a copy of the contract and I

called your office and talked to a girl in your office and that's what she told me.

McGuire referred to the allegedly new evidence during trial. He may have discovered the actual grievance form after trial, but he had knowledge of the document during trial and was able to use it in cross-examining Kelley. McGuire failed to meet the requirements of *Jackson*, because he knew of the evidence during trial and because the introduction of the physical document would be cumulative of Kelley's testimony. The trial court did not abuse its discretion in refusing to grant a new trial.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

In his motion for rehearing, McGuire contends that we erred in determining that the statute of limitations for a breach of fiduciary duty claim is four years. McGuire argues that Kelley's breach of fiduciary duty cause of action should be characterized as one arising out of legal malpractice and that it should, therefore, be subject to a two-year statute of limitations. Even though McGuire did not address this specific interpretation of the statute of limitations in his appellate brief, we will nevertheless address the argument to demonstrate why we believe the authorities he cites are distinguishable.

A legal malpractice claim is generally governed by a two-year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon Supp.2001); *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988). However, legal malpractice claims based

on intentional fraud are governed by a four-year statute. *Estate of Degley v. Vega*, 797 S.W.2d 299, 303 (Tex.App.—Corpus Christi 1990, no writ); *Whitaker v. Huffaker*, 790 S.W.2d 761, 766 (Tex.App.—El Paso 1990, writ denied).[5] Appellant relies on several courts of appeals cases to demonstrate that the breach of fiduciary duty claim is subject to a two-year statute of limitations, but none of these cases addresses a breach of fiduciary duty claim based on fraudulent misrepresentation. *See Willis v. Maverick*, 760 S.W.2d at 644; *Jampole v. Matthews*, 857 S.W.2d 57, 64 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Hoover v. Gregory*, 835 S.W.2d 668, 676 (Tex.App.—Dallas 1992, writ denied).

Kelley alleged that McGuire fraudulently misrepresented the effects of a settlement agreement to her. Kelley claims that this fraudulent misrepresentation constituted a breach of McGuire's fiduciary duty to her. The breach of fiduciary duty claim was not one for mere legal malpractice or negligence; it stemmed from her fraudulent misrepresentation claim. Thus, this case is analogous to those cases in which a breach of fiduciary duty claim arises from and is coupled with a fraud claim, and a four-year statute of limitations applies. *See Rowe v. Rowe*, 887 S.W.2d 191 (Tex.App.—Fort Worth 1994, writ denied); *Perez v. Gulley*, 829 S.W.2d 388, 390 (Tex.App.—Corpus Christi 1992, writ denied); *Spangler v. Jones*, 797 S.W.2d 125 (Tex.App.—Dallas 1990, writ denied).[6]

McGuire also argues that we improperly relied on the 76th Legislature's amendment to Section 16.004 of the Civil Practice

---

**5.** In *Degley*, the Corpus Christi Court of Appeals characterized breach of fiduciary duty as a type of personal injury and applied a two-year statute of limitations, but it remarked that fraud is an intentional act and is subject to the four-year limitations period. This case is distinguished from the one at bar because Kelley's alleged breach of fiduciary

duty sounds more in intentional fraud than negligence.

**6.** We note that the Beaumont Court of Appeals refused to apply a four-year statute to a breach of fiduciary claim coupled with a fraud claim arising in the legal malpractice context; however, the court specifically noted

and Remedies Code, which added breach of fiduciary duty to the list of claims having a four-year limitations period. The amendment was passed in 1999, after Kelley's claim was filed. We did not rely on the 1999 amendment in reaching our conclusion that a breach of fiduciary duty claim based on fraud is subject to a four-year statute of limitations. We simply referenced the amendment in a footnote as indicating the Legislature's intention in explicitly including such claims in the four-year limitations statute.

Finally, this Court's opinion adequately addressed the sufficiency of the evidence of breach of fiduciary duty.

The motion for rehearing is overruled.

that it applied the two-year statute because only constructive fraud was alleged, not fraudulent misrepresentation. *See Apex Towing Co. v. Tolin*, 997 S.W.2d 903, 907 (Tex. App.—Beaumont 1999, pet. granted).