Affirmed and Memorandum Opinion filed June 22, 2004












Affirmed and Memorandum
Opinion filed June 22, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00577-CV

 

_______________

 

ROLANDO VILLARREAL, Appellant

 

V.

 

DIANA HERNANDEZ VILLARREAL, Appellee

_______________________________________________________

 

On Appeal from the 300th District Court

Brazoria County, Texas

Trial Court Cause No. 84K0017

_______________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant
Rolando Villarreal challenges the trial court=s entry of an agreed order reducing
his unpaid child support to judgment.  In
two issues, appellant contends the trial court erred because it did not (1)
inform him of his alleged right to counsel; and (2) grant his motion for new
trial.  We affirm.

 








Discussion

I.  Procedural History

Appellant
and Diana Hernandez divorced in July 1984, and appellant was ordered to pay
child support of $70 per week for the support of their two minor children until
the youngest child turned eighteen. 
Appellant=s youngest child turned eighteen on April 29, 2001, thereby
terminating appellant=s obligation to pay child support; however, appellant had not
paid the child support as ordered in the decree of divorce.   In November 2002, the Office of the Attorney
General (AOAG@) filed a AMotion to Reduce Unpaid Child Support
to Judgment.@[1] 
In its motion, the OAG did not seek incarceration or request a finding
of contempt. 

On
February 18, 2003, appellant, Hernandez (both appearing pro se), and an assistant
attorney general presented an AAgreed Order Reducing Unpaid Child Support To Judgment@ (the AOrder@) to the trial court.  The parties waived a record of the
proceedings with the trial court=s approval.  The trial court approved the agreement and signed
the Order.  The Order required appellant
to pay a total of $104,433.65 in monthly installments of $600, beginning on
March 1, 2003 and continuing thereafter until the arrearage was paid in full. 








After
the entry of judgment, appellant retained counsel and filed a motion for new
trial.  The motion for new trial was set
for a hearing, but was passed and reset to a date after the motion for new
trial had been overruled by operation of law.[2]  Tex.
R. Civ. P. 329b(c).  A hearing was
never conducted on the motion for new trial and appellant did not file a motion
to reconsider.

II.  Right To Counsel

In his first issue, appellant
contends the trial court erred because it did not advise him of a right to
counsel prior to entry of the Order. Appellant posits this court should hold,
as a matter of first impression, that a party must be advised of a right to
counsel in a proceeding on a motion to reduce child support to judgment .[3]   However, because appellant waived his right
to have a court reporter record the hearing, there is no transcript of the
parties= appearance.  See Tex.
Fam. Code Ann. ' 157.161 (Vernon 2002). 
Therefore, we have no record reflecting the trial court=s admonitions, if any.  Considering the absence of a reporter=s record is due to the parties= waiver, with the court=s approval, we hold that appellant=s complaint presents nothing for our
review.  See, e.g., Brossette
v. State, 99 S.W.3d 277, 284B85 (Tex. App.CTexarkana 2003, no pet. h.) (stating
appellant=s failure to object to the court
reporter=s failure to record bench conference
waives error on appeal); Smith v. Grace, 919 S.W.2d 673, 678B79 (Tex. App.CDallas 1996, writ denied).[4]








Even if
we assume the trial court did not apprise appellant of a right to counsel, we
find no reversible error, because a defendant in a suit filed to reduce unpaid
child support to judgment is not entitled to be so advised absent a threat of
incarceration.  AThe [United States] Constitution=s fourteenth amendment guarantee of
due process incorporates the sixth amendment assurance that the accused in a
criminal prosecution has the right to counsel.@ 
Ridgway v. Baker, 720 F.2d 1409, 1413 (5th Cir. 1983).  As a result, in a child support case, if the
State holds the threat of incarceration over the defendant, he must be afforded
the right to counsel.  Id. at
1415; see Ex parte Acker, 949 S.W.2d 314, 316 (Tex. 1997) (holding court=s failure to admonish former wife of right
to counsel rendered void the order of contempt order for nonpayment of child
support ).  This constitutional right is
codified in Texas Family Code section 157.163(b). 

In this
case, the OAG=s motion to reduce arrearage to
judgment did not seek contempt relief; therefore, incarceration was not
a possible result and appellant=s right to counsel under either the Sixth Amendment or
section 157.163 of the Family Code was not implicated.  Moreover, because the motion was filed over a
year after his youngest child turned eighteen, appellant was not even subject
to contempt for a future failure to comply with the agreed judgment.  See Tex.
Fam. Code Ann. ' 157.005(a); cf. In re M.E.G., 48 S.W.3d 204, 207, 210
(Tex. App.CCorpus Christi 2000, no pet.)
(holding motion to enforce child support order before eighteenth
birthday of youngest child invoked trial court=s contempt jurisdiction under '157.005(a), even though trial court
did not sign contempt order until after youngest child=s eighteenth birthday).  As a result, the trial court was not required
to advise appellant of a right to counsel. 
We overrule appellant=s first issue.

III.  Denial of Motion for New
Trial








In
appellant=s second issue, he contends the trial
court erred by failing to grant his motion for new trial.  As a preliminary matter, the OAG argues
appellant waived his second point of error by failing to present his motion for
new trial at a hearing and introduce evidence. 
We agree.  As noted, appellant had
set the motion for hearing, but it was reset to a date after the motion was
overruled by operation of law.  Although
we acknowledge that the overruling of a motion by operation of law preserves
some appellate complaints, it does not preserve error regarding a motion based
on newly discovered evidence.  See
Keever v. Finlan, 988 S.W.2d 300, 315 (Tex. App.CDallas 1999, pet. dism=d); Lassiter v. Shavor, 824
S.W.2d 667, 668 (Tex. App.CDallas 1992, no writ). 


Mere
allegations by a movant do not suffice to obtain a new trial on the basis of
newly discovered evidence.  Bell v.
Showa Denko K.K., 899 S.W.2d 749, 757 (Tex. App.CAmarillo 1995, writ denied).  Instead, admissible evidence must be
introduced at a hearing on the motion for new trial establishing: (1) that the
evidence has come to the movant=s knowledge since the trial; (2) that the evidence did not
come sooner for want of due diligence; (3) the newly discovered evidence is not
cumulative; and (4) it is so material that it would probably produce a different
result if a new trial were granted.  Id.; see Dankowski v. Dankowski,
922 S.W.2d 298, 305 (Tex. App.CFort Worth 1996, writ denied).  In the absence of a hearing on the motion,
nothing is preserved for appellate review. 
See Bell, 899 S.W.2d at 757.  Here, no such hearing on the motion was ever
held.








However,
even assuming that the issue was preserved, we do not find that the trial court
abused its discretion in failing to grant appellant=s motion.  See Keever, 988 S.W.2d at 315 (noting
it is within the discretion of the trial court to grant a motion for new trial
based on newly discovered evidence); see Jackson v. Van Winkle, 660
S.W.2d 807, 809B10 (Tex. 1983), overruled on other grounds, Moritz
v. Preiss, 121 S.W.3d 715, 720B21 (Tex. 2003).  When
considering a motion for new trial, the trial court considers the weight and
the importance of the new evidence and its bearing in connection with the
evidence received at trial.  Keever,
988 S.W.2d at 315.  The inquiry is not
whether, based on evidence in the record, it apparently may have been proper to
grant the motion in the particular case, but whether the refusal to grant it
involves the Aviolation of a clear legal right or a
manifest abuse of judicial discretion.@ 
Id.  We indulge every
reasonable presumption in favor of the trial court=s refusal to grant a new trial.  Id.

Appellant
argues in his motion for new trial that the OAG pressured him into signing the
Order by stating that Aworse things would happen@ to him if appellant did not sign the
Order.  In support of this assertion,
appellant attached an affidavit stating: AThe [OAG] made many statements to me
which were either untrue or were misleading enough to make me believe that I
would lose many rights and privileges and would face very harsh consequences if
I did not sign the agreed judgment.@

Appellant=s allegations that he was coerced
into signing the Order required the taking of evidence.  See Hensley v. Salinas, 583 S.W.2d
617, 618 (Tex.
1979) (concluding that an allegation of nonconsent was a question of fact
requiring presentation of evidence); Nichols v. Nichols, 907 S.W.2d 6,
12 (Tex. App.CTyler 1995, writ denied) (noting
whether agreement was entered into voluntarily or as a result of duress is fact
question).  Because appellant=s affidavit contained nothing more
than conclusory allegations regarding this issue, the trial court did not abuse
its discretion in failing to grant appellant=s motion for new trial.  See Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 82 (Tex. 1992) (stating conclusory allegations in affidavit
regarding motion for new trial are insufficient). 








Appellant
also argues that he had newly-discovered evidence of uncredited payments and
incorrect interest calculations and was therefore entitled to a new trial.  However, in the affidavit attached to
appellant=s motion he merely states:  AThe total judgment does not reflect
thousands of dollars of payment that I made. 
I can testify to the amounts and approximate dates that I paid the
uncredited child support and am in the attempt [sic] of locating cancelled
checks and/or bank records which are five or more years old reflecting the
payments that I made.@  Nothing more specific
is stated in his affidavit; nor is anything more specific attached to it.  Because appellant never specifically set out
the offsets and credits to which he was allegedly entitled, he failed to
produce any evidence of unapplied payments to support his motion for new
trial.[5]  Further, nothing in appellant=s affidavit suggests he did not know
that allegedly uncredited payments existed prior to the February hearing.  Clearly, he could have testified to them at
that time.[6]  Also, his affidavit fails to demonstrate that
he was prevented from procuring any cancelled checks or bank records prior to
the hearing.  

Lastly,
Appellant argues that the motion for new trial should have been granted because
he had new evidence that the judgment included pre-judgment interest on
past-due amounts calculated at an incorrect rate.  The record reflects that evidence supporting
this contention was not presented to the trial court and, therefore, it is
waived.  See Tex. R. App. P. 33.1(a).  In
sum, we hold that the trial court properly denied the motion for new
trial.  See McGuire v. Kelley,
41 S.W.3d 679, 684 (Tex. App.CTexarkana 2001, no pet.). 
Accordingly, we overrule appellant=s second issue.  

The judgment of the trial court is
affirmed.

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 22, 2004.

Panel consists of Chief Justice
Hedges, and Justices Frost and Guzman.

 

 











[1]  Title IV-D of
the Social Security Act requires states to provide services relating to the
enforcement of child support obligations for children who receive government
assistance payments and for other children whose guardians request the
services.  See 42 U.S.C. ' 654(4) (1988). 
In Texas, the OAG is designated to provide the Title IV-D services.  See Tex.
Fam. Code Ann. ' 231.001 (Vernon 2002).  The Attorney General is entitled to collect and
distribute child support payments and enforce child support orders.  Id. '
231.101(a)(5)B(6).  When the
OAG provides Title IV-D services, it becomes entitled to an assignment of
support rights.  Id. ' 231.104 (Vernon Supp. 2004).  Likewise, any arrearage amount belongs to the
Attorney General by virtue of the assignment. 
See In re K.E.T., 974 S.W.2d 760, 762B63 (Tex. App.CSan
Antonio 1998, no pet.).





[2]  The docket
sheet notations indicate this second scheduled hearing was Apassed.@   





[3]  Appellant contends
for the first time on appeal that the OAG misled him into believing that
incarceration was a possible consequence and, therefore, the Texas Family Code
and the Sixth Amendment to the United States Constitution require that he be
advised of a right to counsel by the trial court.  However, appellant failed to raise this
allegation in the trial court and therefore waived the issue for our
review.  See Tex. R. App. P. 33.1(a); see also
Tex. Dep=t of Protective & Regulatory Servs. v. Sherry, 46 S.W.3d 857, 861 (Tex. 2001) (noting that a
constitutional right may be waived if not asserted in the trial court). Furthermore,
even assuming the general allegations of coercion in appellant=s motion for new trial had served to
alert the trial court that the OAG threatened incarceration, appellant
failed to present evidence of this alleged threat and thus, waived the issue,
as we discuss below.

 





[4]  Appellant has
further failed to preserve this issue for review because nothing in the record
indicates appellant brought to the trial court=s
attention its alleged failure to advise him of a right to counsel.  See Tex.
R. App. P. 33.1(a).  





[5]  Cf. In re
C.B.M., 14 S.W.3d 855, 862 (Tex. App.CBeaumont 2000, no pet.) (noting that trial court is
not required to hear evidence at motion for new trial hearing if offer of proof
fails to establish evidence is newly discovered).    





[6]  Appellant
claims he was unaware that he could present evidence at the hearing.  However, ignorance of the law is not an
excuse.  See Goss v. Bobby D. Assoc.,
94 S.W.3d 65, 69 (Tex. App.CTyler 2002, no pet.). 
Even though appellant was pro se at the time, a person proceeding
pro se is held to the same standard as licensed attorneys and must
comply with the applicable laws and rules of procedure.  See, e.g., Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 185 (Tex. 1978); Holt v. F.F. Enters., 990
S.W.2d 756, 759 (Tex. App.CAmarillo 1998, pet. denied).