Cruz DE LA ROSA, Jr. and Janie
Berain, Appellants,

v.

Paula KAPLES, Appellee.

No. 04–91–00118–CV.

Court of Appeals of Texas,
San Antonio.

June 28, 1991.

Rehearing Denied July 25, 1991.

J. Patrick Guerra, Bass, Higdon & Hardy, Inc., San Antonio, for appellants.

Kay Elsasser, Tom Joseph, P.C., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellants, Cruz De La Rosa, Jr. and Janie Berain, appeal a judgment for attorney's fees granted in favor of appellee, Paula Kaples, based on a jury verdict. The dispute arose as a result of an oral contract between the parties for the purchase of a day care center by the appellants from the appellee. The appellants paid appellee the amount of $15,000 as a down payment in conjunction with the contract and took possession of the day care center. However, the appellants subsequently changed their minds about the purchase, returned the center, and demanded the return of the $15,000. The appellee refused to return the money and the appellants then filed a suit for damages, alleging several causes of action based on breach of the oral contract together with a claim for judgment in the amount of $15,000 for the amount paid as down payment. In the alternative, appellants plead for rescission of the contract. Appellee responded with a general

denial, and a claim for damages for breach of the same contract, for groundless suit brought in bad faith, and for attorney's fees both for defending and prosecuting their claim under the contract. The jury answered as follows: 1) *No* to Issue No. 1, which inquired whether the parties entered into an agreement which provided for the return of the $15,000 down payment to the appellants in the event they were not satisfied with the purchase; 2) *$0* to Issue No. 2, which inquired what amount of money represented the damages sustained by the appellants as a result of the failure of the appellee to refund the down payment; 3) *$0* to Issue No. 3, which inquired what amount of money represented the damages sustained by the appellee as a result of the failure of appellants to purchase the center; 4) *$4,000* to Issue No. 4A, which inquired what amount of money represented the "reasonable and necessary attorney's fees for the services by [appellee's] attorneys rendered in the preparation and trial of this cause in this Court"; and 5) *$0* to Issue No. 4B, which inquired about attorney's fees on behalf of the appellee for appeal to the Court of Appeals. The court entered judgment on the verdict, and appellant filed this appeal, without presenting this court with a statement of facts.

Although appellants initially complain that the judgment awards the attorney's fees directly in the name of the attorney for the appellee, who is not a party to the suit, they nevertheless concede that "[i]n reality, it is irrelevant that these attorney's fees were awarded directly to Appellee's attorney," because attorney's fees should not have been awarded to any party. The appellee agrees that the judgment may be modified to grant the attorney's fees to the appellee, who was a party to the suit. Therefore, if the award was proper, the judgment will be so modified.

Finally, appellants argue that the trial court erred in entering a judgment for attorney's fees because, as a matter of law, "TEX.CIV.PRAC. & REM.CODE ANN. Sec. 38.001 (Vernon 1986) provides for the recovery of attorney's fees only when a party prevails on a valid or just claim

brought by a person." Specifically, appellants contend that because the jury answered *$0* to Issue No. 3, inquiring as to appellee's damages as a result of the appellant's failure to purchase the center, the appellee has not prevailed on a valid or just claim, and is not entitled to attorney's fees under § 38.001.

We note at the outset that appellants have failed to present this court with a statement of facts; therefore, "[I]t must be presumed that sufficient evidence was introduced to support all the findings of the jury in absence of a statement of facts." *Armenta v. Nussbaum*, 519 S.W.2d 673, 676 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.)

"In Texas the well-settled law is that attorney's fees are not recoverable in an action unless provided by statute or a contract between the parties." *Williams v. Northrup*, 649 S.W.2d 740, 748 (Tex.App.— Tyler 1983, writ ref'd n.r.e.). Additionally, TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986), which is a codification of former Article 2226, TEX.CIV. STAT.ANN. (Vernon Supp.1982–83), provides for recovery of reasonable attorney's fees "in addition to the amount of a valid claim and costs, if the claim is for: ... (8) an oral or written contract." Section 38.-005 of this same code further provides that "[t]his chapter shall be liberally construed to promote its underlying purposes." Moreover, TEX.CIV.PRAC. & REM.CODE ANN. § 1.001, provides that the purpose of this code "contemplates a topic-by-topic revision of the state's general and permanent statute law without substantive change." Although Article 2226 and § 38.001 do not provide for attorney's fees for the pure defense of a claim, "there is an exception to the general rule of law for cases in which the matters encompassed by the claim and counterclaim are indistinguishable, where they arose from the same transactions, where the same facts required to prosecute the claim are required to defend against the counterclaim"; under these circumstances, attorney's fees are appropriate. *Veale v. Rose*, 657 S.W.2d 834, 841 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

At least one appellate court has recognized that a "suit for rescission [of a contract] and special damages was a suit founded upon a written contract within the meaning of Article 2226, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1982–1983), and justified the award of attorney's fees." *NRC, Inc. v. Pickhardt*, 667 S.W.2d 292, 294 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.).

Moreover, the Texas Supreme Court, in "disapprov[ing] of the language in the previously cited cases requiring a net recovery in order to obtain attorney's fees under article 2226 or under the DTPA", has stated:

We hold that the proper construction of article 2226 is to allow recovery of attorney's fees incurred in prosecuting a just claim under the article, even if the amount of the claim is entirely offset by an opposing party's claim. This is more consistent with the legislative intent to discourage a party from unnecessarily litigating and defending a just claim within article 2226. *Tenneco Oil Co. v. Padre Drilling Co.*, 453 S.W.2d 814, 819 (Tex.1970). In addition, the statute was formerly strictly construed; however, the legislature amended article 2226 to mandate that "[t]his Act shall be liberally construed to promote its underlying purposes."

*McKinley v. Drozd*, 685 S.W.2d 7, 11 (Tex. 1985).

Finally, where an unobjected to general issue is submitted to the jury in a breach of contract case, which implicitly resolves the competing parties respective claims for the earnest money paid on the contract, the parties are bound by the submission and finding, and " 'a valid claim' within the meaning of Section 38.001–38.005, Texas Civil Practice and Remedies Code Annotated (Vernon 1986), [has been established] so as to [allow] a recovery of reasonable attorney's fees, although [the party retaining the earnest money] did not achieve a monetary recovery on the claim itself." *Martini v. Tatum*, 776 S.W.2d 666, 670 (Tex.App.—

Amarillo 1989, writ denied), citing *McKinley*, 685 S.W.2d at 10–11.

The record before this court, which does not include a statement of facts, clearly reflects that the matters encompassed by the claim and counterclaim were undistinguishable, arose from the same contract, and involved the same transaction; that both parties claimed the $15,000 under the same oral contract for the sale of the day care center; that the issues submitted to the jury were not objected to by either party, which bound both parties to the findings of the jury; that the jury implicitly sustained the claim of the appellee to the $15,000 by its answers to Issues Nos. 1 and 2; and, that the jury granted the appellees $4,000 as reasonable and necessary attorney's fees. We fail to see how the appellants have sustained their burden of presenting a record to this court which shows, as a matter of law, that the trial court erred in entering a judgment based on the jury verdict. TEX.R.APP.P. 53(k).

The judgment is modified to award the attorney's fees to the appellee, Paula Kaples, and as modified, is affirmed.