**Timothy M. GEREB d/b/a Prestige Home Health Care, Appellant,**

**v.**

**Brenda N. SMITH–JAYE and Guadalupe R. Leal, Appellees.**

**No. 04–00–00814–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 9, 2002.

Larry Gibbons, Deadman & Ferguson, San Antonio, for Appellant.

Richard J. Karam, Rudolph F, Jass, Jr., Law Offices of Richard J. Karam, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

PAUL W. GREEN, Justice.

Appellees Brenda N. Smith Jaye and Guadalupe R. Leal filed suit for breach of contract, seeking to force appellant Timothy M. Gereb to pay back taxes pursuant to a settlement agreement. Over a year after suit was filed, Gereb paid part of the taxes in dispute. The trial court entered judgment awarding appellees no damages, but awarding attorney's fees. Gereb claims the trial court erred in awarding attorney's fees in a case where no damages were awarded. We affirm.

The trial court entered findings of fact that Gereb breached two separate settlement agreements by failing to timely pay the back taxes and that Gereb paid a portion of "the subject 941 taxes due" six days before trial.[1] The trial court awarded appellees attorney's fees but no additional damages for breach.[2]

■ We review the trial court's decision to award attorney's fees *de novo*. *See Atlantic Richfield Co.*, 860 S.W.2d 439, 450 (Tex.App.-Texarkana 1993, writ denied) (applying *de novo* review to claim for attorney's fees but abuse of discretion standard to amount of fees). A party who prevails on breach of contract claim is entitled to recover attorney's fees for prosecution of the claim. Tex. Civ. Prac. & Rem.Code § 38.001 (Vernon 1997). Ordinarily, to recover attorney's fees under section 38.001, the party must: (1) prevail on a cause of action for which attorney's

fees are recoverable; and (2) recover damages. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997) (no attorney's fees where jury awarded no damages for breach). However, the party requesting fees need not obtain a net recovery. *McKinley v. Drozd*, 685 S.W.2d 7, 10–11 (Tex.1985) (damages offset by opposing party's counterclaim); *Atlantic Richfield Co. v. Long Trusts*, 860 S.W.2d at 450 (damages offset by prevailing party's application of other funds during pendency of the lawsuit); *De La Rosa v. Kaples*, 812 S.W.2d 432, 434 (Tex.App.-San Antonio 1991, writ denied) (no damage award because prevailing party retained earnest money); *Karol v. Presidio Enter., Inc.*, 622 S.W.2d 638, 639–40 (Tex.App.-Austin 1981, no writ) (attorney's fees awarded even though plaintiff's damages were partially offset and defendant made prior settlement offer).

■ The legislature has instructed that section 38.001 be liberally construed to effect its underlying purpose to discourage the unnecessary litigation or defense of a just claim. Tex. Civ. Prac. & Rem.Code Ann. § 38.005 (Vernon 1997); *McKinley*, 685 S.W.2d at 10–11. In this case, the record evidence establishes as a matter of law there were taxes "due" that had not been paid in accordance with the settlements. Thus the trial court correctly recognized the appellees had a valid claim at the time litigation was commenced. Gereb's ability to mitigate his liability by paying a portion of the amount due to the IRS after the lawsuit was filed should not prevent appellees from recovering their reasonable attorney's fees in these circum-

---

1. Gereb testified he paid only a portion of the taxes owed based on the advice of his tax attorney that there would be no adverse consequences for failure to pay the remaining amounts.

2. Appellees complied with the procedural requirements of section 38.002 to recover attorney's fees. Tex. Civ. Prac. & Rem.Code § 38.002 (Vernon 1997).

stances. Accordingly, we affirm the trial court's judgment.