ACCEPTED
04-15-00260-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/4/2015 1:00:14 PM
KEITH HOTTLE
CLERK

No. 4-15-00260-CV

_____

IN THE FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/4/2015 1:00:14 PM
KEITH E. HOTTLE
Clerk

_____

KAFAI LEE,

Appellant,

V.

KENNETH LAU, CONNIE ANDREWS,
CHINA ROSE MANAGEMENT, LLC,
AND CHINA ROSE, LTD.

Appellees.

_____

Appealed from the 45th Judicial District Court of
Bexar County, Texas
Cause No. 2012-CI-12940

_____

**APPELLANT'S BRIEF**

_____

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, Texas 78209
(210) 820-0833
(210) 820-0929 [fax]
taprins@prinslaw.com

Todd A. Prins
State Bar No. 16330400
ATTORNEY FOR APPELLANT
KAFAI LEE

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**

Kafai Lee

**Appellant's Counsel**

Todd A. Prins
State Bar No. 16330400
PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, Texas 78209
(210) 820-0833
(210) 820-0929 [Fax]
taprins@prinslaw.com

**Appellees**

Kenneth Lau, Connie Andrews, China Rose Management, LLC and China Rose, Ltd.

**Appellees' Counsel**

Sylvan S. Lang, Jr.
State Bar No. 11898700
LANG LAW FIRM, P.C.
13409 N.W. Military Hwy., Ste 210
San Antonio, Texas 78231
Telephone: (210) 479-8899
Facsimile: (210) 479-0099
Sylvan@langfirm.com
*Attorney for Kenneth Lau & Connie Andrews*

Thomas G. Kemmy
State Bar No. 11254600
LAW OFFICE OF THOMAS G. KEMMY
322 W. Woodlawn Avenue
San Antonio, Texas 78212
Telephone: (210) 735-2233
Facsimile: (210) 736-9025
tkemmy@sbcglobal.net
*Attorney for China Rose Management, LLC and China Rose, Ltd.*

# TABLE OF CONTENTS

Identity Of Parties And Counsel.................................................................................2

Table of Authorities...................................................................................................4

Statement of the Case ...............................................................................................7

Statement on Oral Argument....................................................................................8

Issues Presented for Review .....................................................................................8

Statement of Facts ..................................................................................................10

Summary of the Argument .....................................................................................13

Standard of Review ................................................................................................14

Arguments & Authorities .......................................................................................15

    Issue 1: The Trial Court Improperly Reversed The Jury's Negative Finding To Jury Question No. 5 Because There Was Sufficient Evidence To Support The Jury's Finding. .................................................................................................................15

    Issue 2:  The Trial Court Improperly Reversed The Jury's Negative Finding In Jury Questions Nos. 7b And 8b Because There Was Sufficient Evidence To Support The Jury's Finding...................................................................................................18

    Issue 3:  The Trial Court's Findings Of Fact And Conclusions Of Law Do Not Support The Final Judgment Because The Trial Court Failed Make Findings As To Appellant's Statute Of Limitations Defense..................................................................................19

    Issue 4:  The Trial Court Abused Its Discretion When It Ordered Appellant To Forfeit His Partnership Interest In China Rose, Ltd. Because Such A Remedy Is Not Available In Texas. ....................................................................................................22

    Issue 5:  The Trial Court Improperly Awarded $452,000 In Actual Damages Because There Was Legally And Factually Insufficient Evidence To Support Such A Finding.26

    Issue 6:  By Awarding Both Forfeiture And Actual Damages, The Trial Court Granted Appellees And Impermissible Double Recovery.......................................................27

    Issue 7:  The Trial Court Erred When It Awarded Appellees Attorney's Fees Because Such A Remedy Is Not Available For Breach Of Fiduciary Duty. ...............................28

CONCLUSION AND PRAYER.................................................................................34

# TABLE OF AUTHORITIES

**Cases**

*Allison, v. Harrison*, 156 S.W.2d 137 (Tex. 1941)..................................................23

*Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 2010 Tex. App. LEXIS 2338, *96 (Tex. App. Houston [1st Dist.] 2010, no pet.)...............32

*Burrow v. Acre*, 997 S.W.2d 229 (Tex. 1999)............................................ 22, 23, 25

*Cale's Cleane Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ....................................................14

*Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895) ....................................20

*De La Rosa v. Kaples,* 812 S.W.2d 432 (Tex. App.-San Antonio 1991, writ denied) ..................................................................................................................31

*Deutsch v. Phillips Petroleum Co.*, 56 Cal. App. 3d 586, (Cal. App. 2d Dist. 1976) ..................................................................................................................24

*Dobson v. Dobson* 594 S.W.2d 177 (Tex. App. —Houston [1st Dist.] 1980) .........25

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985) ..................22

*ERI Consulting Eng'rs., Inc. v. Swinnea*, 318 S.W.3d 867 (Tex. 2010) .......... 23, 24

*G.R.A.V.I.T.Y. Enters. v. Reece Supply Co.*, 177 S.W.3d 537, 2005 Tex. App. LEXIS 6266, *18-19 (Tex. App. -- Dallas 2005, no pet.) ..................................30

*Gerdes v. Kennamer*, 155 S.W.3d 541 (Tex.App.—Corpus Christi 2004, no pet.)22

*Gereb v. Smith-Jaye*, 70 S.W.3d 272, 273 (Tex. App.-San Antonio 2002, no pet.)28

4

*Holland v. Wal-Mart Stores, Inc*. 1 S.W.3d 91 (Tex. 1999)....................................29

*Holley v. Watts*, 629 S.W.2d 694 (Tex. 1982) ........................................................14

*Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509 (Tex. 1942) .........23

*Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57 (Tex. App.—San Antonio, 2011, no pet.) ...................................................................................28

*Massey v. Columbus State Bank*, 35 S.W.3d 697, 2000 Tex. App. LEXIS 7624 (Tex. App. -- Houston [1st Dist.] 2000, pet. denied)................................... 31, 32

*McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871 (Tex. App.—Dallas, 2014, pet. denied) ..................................................................29

*McGuire v. Kelley*, 41 S.W.3d 679 (Tex. App.—Texarkana 2001, no pet.) .... 29, 30

*Nationwide Mut. Ins. Co. v. Holmes*, 842 S.W.2d 335, 1992 Tex. App. LEXIS 3188 (Tex. App. San Antonio 1992, writ denied). .............................................33

*O'Flaherty v. Belgum* 115 Cal. App. 4th 1044 (Cal. App. 2d Dist. 2004)..............24

*Ritchie v. Rupe*, 443 S.W.3d 856 (Tex. 2014) ........................................................17

*Scharer v. John's Cars, Inc.*, 776 S.W.2d 228 (Tex. App.—El Paso 1989, writ denied)......................................................................................................... 14, 15

*Schiller v. Elick*, 240 S.W.2d 997 (Tex. 1951) .......................................................23

*See In re Estate of Corriea*, 719 A.2d 1234 (D.C. 1998) .......................................24

*Snepp v. United States*, 444 U.S. 507 (1980)..........................................................24

5

*Tamez v. Tamez*, 822 S.W.2d 688 (Tex. App.—Corpus Christi, 1991, writ denied) ....................................................................................................21

*Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828 (Tex. 2009).......... 14, 19

*Turner v. Turner*, 385 S.W.2d 230, 1964 Tex. LEXIS 630, *8, 8 Tex. Sup. J. 112 (Tex. 1964)........................................................................................32

*Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241 (Tex. App.—Houston [1st Dist.] pet. denied)............................................................... 20, 21

*Western Reserve Life Assurance Co. of Ohio v. Graben*, 233 S.W.3d 360 (Tex. App.—Fort Worth, 2007, no pet.) ....................................................29

**Statutes**

Tex. Civ. Prac. & Rem. C. § 38.001 ......................................................................33

TEX. CIV. PRAC. & REM. Code §16.004(a)(5)...........................................................19

**Rules**

Tex. R. App. P. 38.1(e) .............................................................................................8

Tex. R. App. P. 39.1(d) .............................................................................................8

TEX. R. CIV. P. 299....................................................................................................21

# STATEMENT OF THE CASE

Appellant/Plaintiff/Counter-Defendant, Kafai Lee ("Lee" or "Appellant") sued Kenneth Lau, Connie Andrews, Appellees/Defendants/Counter-Plaintiffs ("Lau", "Andrews", or "Appellees"), and Golden Wok, Ltd., seeking declaratory relief that Lee was a one-third owner in the partnership that owns a Golden Wok Restaurant located on Marbach Road in San Antonio, Texas. (Appx. 4: Plaintiff's Original Petition).

Lau, Andrews, and Golden Wok, Ltd., asserted counter-claims against Lee, alleging tortious interference with existing and prospective contractual relations and wrongful diversion of funds.[1] (1 C.R. at 11). Further, Lau and Andrews alleged Lee breached his fiduciary duties of loyalty, honesty, fidelity, and good faith. China Rose Management, LLC and China Rose, Ltd., ("China Rose, LLC", "China Rose, Ltd", or "Appellees"), as intervenors, also asserted cross-claims against Lee for tortious interference with contracts, breach of fiduciary duties, and conversion. (1 C.R. at 17, 985).

After a trial on the merits, the Court submitted the case to the jury. The jury returned a verdict that was partially in Lee's favor. (6 C.R. at 2031) Despite the verdict, the Court signed and entered the Final Judgment in this case on

---

[1] Golden Wok, Ltd. has been dismissed from the lawsuit and is not the subject of this appeal. (6CR40).
[2] This standard of review applies to points of error 1, 2, and 5.
[3] Issue: 1 *supra* at pp. 9-11.
[4] *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991) (holding that when a party pursues several

February 26, 2015 which reversed some of the jury's findings and granted full relief to Appellees. (6 C.R. at 2089).

## STATEMENT ON ORAL ARGUMENT

Oral Argument and discussion of the facts and the applicable precedent would significantly aid the Court in deciding this case. *See* Tex. R. App. P. 38.1(e), 39.1(d). Furthermore, the trial court's award of forfeiture of a partnership interest for breach of fiduciary duty is a novel remedy that has never been awarded in Texas. For these reasons, Appellant requests oral argument.

## ISSUES PRESENTED FOR REVIEW

Issue 1: The trial court improperly reversed the jury's negative finding to jury question No. 5 because there was sufficient evidence to support the jury's finding.

Issue 2: The trial court improperly reversed the jury's negative finding in jury questions Nos. 7b and 8b because there was sufficient evidence to support the jury's finding.

Issue 3: The trial court's findings of fact and conclusions of law do not support the final judgment because the trial court failed make findings as to appellant's statute of limitations defense.

8

Issue 4: The trial court improperly ordered Appellant to forfeit his partnership interest in China Rose, Ltd. because such a remedy is not available in Texas.

Issue 5: The trial court improperly awarded $452,000 in actual damages because there was legally and factually insufficient evidence to support such a finding.

Issue 6: By awarding both forfeiture and actual damages, the trial court granted Appellees an impermissible double recovery.

Issue 7: The trial court erred when it awarded Appellees attorney's fees because such a remedy is not available for breach of fiduciary duty.

## STATEMENT OF FACTS

Appellant, Kafai Lee, and Appellees, Kenneth Lau and Connie Andrews, are partners in various business entities that operate Chinese food restaurants in San Antonio and Austin. (Appx. 4: Plaintiff's Original Petition). The entities most important to this appeal are Golden Wok, Ltd., who was a defendant and counter-plaintiff before it was dismissed from the lawsuit, and Appellee China Rose, Ltd. (6 C.R. at 2087).

Golden Wok, Ltd. is owned by general partner Golden Wok Management, LLC whose sole members are Kenneth Lau and Connie Andrews, and limited partner Golden Wok Holdings, LLP whose sole partners are also Lau and Andrews. (9 R.R.; D's Exh. 39). Golden Wok, Ltd. owns and operates the Golden Wok restaurant on Marbach Road in San Antonio ("Golden Wok—Marbach"). (4 R.R. at 11:3-6) At trial, Kafai Lee sought a declaratory judgment entitling him to a 1/3 interest in Golden Wok—Marbach. (6 C.R. at 2029, 2031). The jury found that the parties did not agree to be partners in Golden Wok—Marbach, and Appellant does not appeal the jury's finding on this issue. *Id*.

China Rose, Ltd. is owned by general partner China Rose Management, LLC, whose managers are Lee, Lau and Andrews, and limited partner, China Rose Holdings, LLP, whose partners are also Lee, Lau and Andrews in equal 1/3 shares. (9 R.R., D's Exh. 36) China Rose, Ltd. owns and operates four restaurants in San

Antonio that are operated by third-party restaurant managers. Pursuant to restaurant management agreements, the restaurant managers are obligated to pay monthly fees to China Rose, Ltd. (9 R.R., D's Exh. 1-3).

China Rose, Ltd. and China Rose Management, LLC, as intervenors, joined Lau and Andrews, as counter-plaintiffs, alleging *inter alia* breach of fiduciary duty against Lee. In support of their claim for breach of fiduciary duty, Appellees alleged: 1) Lee breached his fiduciary duty when he opened a competing Wok Inn restaurant at Loop 1604 and Culebra Road; 2) Lee breached his fiduciary duty when he, on behalf of China Rose, Ltd., amended three of the restaurant management agreements to allow those the restaurant managers to pay reduced monthly fees over time; and 3) Lee breached his fiduciary duty when Lee subsequently terminated the restaurant management agreements and moved the agreements, and income due thereunder, to his own company CHR, LLC. (1 C.R. at 25, 985).

Points 1) and 2) above were submitted to the jury for determination. (6 C.R. at 2029, 2031). With respect to point 3), Lee stipulated that he breached his fiduciary duty to Appellees when he terminated the restaurant management agreements and moved the agreements and income to CHR, LLC. Lee argued, however, that such conduct did not harm or injure Appellees because the terminations were voided, any money Lee diverted to CHR, LLC was immediately

11

returned to China Rose, Ltd., and that Lee in no way profited from his conduct. (5 R.R. at 98: 5-14). The jury was therefore asked whether Lee intended to cause Appellees injury, and whether Appellees were in fact injured, as a result of Lee's conduct. (6 C.R. at 2029, 2031).

According to the jury, Lee did not breach his fiduciary duty when he opened the competing Wok Inn or when he amended the restaurant management agreements. (6 C.R. at 2031). The jury also found that while Lee intended to harm Lau, Andrews, and China Rose, Ltd. when he terminated the restaurant management agreements and moved the agreements and income to CHR, LLC, such conduct did not actually harm the Appellees. *Id.*

Despite the verdict, the trial court entered judgment n.o.v. granting Appellees full relief (the "Final Judgment"). (6 C.R. at 2089). Specifically, the Final Judgment reversed the jury's verdict and found 1) Lee breached his fiduciary duty when he amended the restaurant management agreements; and 2) Lee's subsequent termination of the restaurant management agreements and movement of the agreements and income to CHR, LLC caused Appellees harm. The Final Judgment awarded actual damages in the amount of $452,000 plus attorney's fees. *Id.* The Final Judgment also required Lee to forfeit his ownership interest in China Rose, Ltd. and China Rose Management, LLC. Lee now appeals the trial court's Final Judgment. *Id.*

12

# SUMMARY OF THE ARGUMENT

The trial court erred when it reversed the jury's findings and entered a Final Judgment granting full relief to Appellees. Specifically, the Court disregarded the jury's findings that Appellant did not breach his fiduciary duty; that Appellees, Lau, Andrews, and China Rose Ltd., suffered no damage resulting from Appellant's alleged breach of fiduciary duty; and ordered Appellant to forfeit his ownership interest in China Rose, Ltd. and China Rose Management, LLC. The Court further awarded actual damages to Appellees, Lau, Andrews and China Rose, Ltd., in the amount of $452,000, even though no evidence was introduced at trial to support the award. Finally, in connection with the stipulated breach of fiduciary duty claim, the Court awarded Appellees, Lau, Andrews, and China Rose, Ltd. $8,552.50 in attorney's fees as actual damages incurred prior to the initiation of the lawsuit, plus a combined total of $158,095 in attorney's fees incurred through trial for the court-entered breach of fiduciary duty finding.

The Court erred in awarding the relief set forth in the Final Judgment because the relief: 1) is not supported by the evidence; 2) impermissibly disregards the jury's findings; 3) constitutes a "double recovery" in favor of Appellees; and 4) impermissibly awards attorney's fees. Accordingly, the Court

13

abused its discretion when it entered the Final Judgment and the appellate court should reverse the trial court's ruling and render judgment in favor of Appellant.

<h2 style="text-align:center">STANDARD OF REVIEW[2]</h2>

The appellate court reviews a judgment notwithstanding the verdict under a "no-evidence" standard, meaning the appellate court credits evidence favoring the jury verdict if reasonable jurors could, and disregards contrary evidence unless reasonable jurors could not. *Tanner v. Nationwide Mut. Fire Ins. Co*., 289 S.W.3d 828, 830 (Tex. 2009). In determining a "no-evidence" point, all testimony must be considered in the light most favorable to the Appellant and every reasonable intendment deductible from the evidence is to be indulged in the Appellant's favor. *Scharer v. John's Cars, Inc*., 776 S.W.2d 228, 231 (Tex. App.—El Paso 1989, writ denied).

The trial judge may not render a judgment n.o.v., even though the great weight and preponderance of the evidence might be to the contrary. *Id.* at 230-31. That is, a trial court may not disregard a jury's negative finding and substitute its own affirmative finding unless the evidence conclusively establishes the affirmative finding as a matter of law. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982); *Cale's Cleane Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 786 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Therefore, the only way for the trial

---

[2] This standard of review applies to points of error 1, 2, and 5.

court to properly disregard the jury's verdict in this case, is if the evidence conclusively established, as a matter of law, that Appellant breached his fiduciary duty to Appellees and, as a result, that Appellee's suffered substantial injury. *Scharer* at 231. Because there is more than a scintilla of evidence establishing that Appellant did not breach his fiduciary duty to Appellees and that Appellees were not damaged, the verdict must be upheld and the trial court's judgment should be reversed.

## ARGUMENTS & AUTHORITIES

*Issue 1: The trial court improperly reversed the jury's negative finding to jury question No. 5 because there was sufficient evidence to support the jury's finding.*

In Question No. 5, the Court asked the jury:

"With regard to the 'First Amendment' to the three restaurant management agreements that reduced the monthly payments from each of the three China Rose restaurant managers, did Kafai Lee fail to comply with his fiduciary duty to Kenneth Lau, Connie Andrews, and China Rose, Ltd?"

The jury answered "No." (6 C.R. at 2039).

The First Amendments were implemented, in part, to extend three restaurant management agreements whose terms were for only six months. (9 R.R. D's Exh. 1-3). The First Amendments also contained a contractual provision that would allow restaurant managers to pay reduced monthly management fees over an extended period of time (the "step-down" provision).

15

(9 R.R.; Ds' Ex. 18 and 19).  Lee testified that the step-down provision was implemented to reward restaurant managers who performed well over time at their respective restaurants by allowing them to use a portion of the management fees which would otherwise go the China Rose, Ltd., to repair the aging restaurant facilities and equipment.  (3 R.R. at 33: 1-18).

The evidence shows that Appellees were aware of and consented to the First Amendment.  First, the jury heard evidence that Appellee Lau implemented a six-month term in the original restaurant management agreements in order to test the performance of the newly hired restaurant managers, suggesting that if the managers performed well, their contract would be extended.  (3 R.R. at 33: 16-18, 161: 8-18; 4 R.R. at 101: 13-231).  Second, the jury heard testimony that the Appellant Lee informed Lau about the First Amendments and Lau did not object. (3 R.R. at 32: 8-19; 4 R.R. 101: 20-21).  Third, the First Amendments were entered into in 2008 (Ds' Ex. 18 and 19; 3 R.R. 161: 5-9), years before the dispute between parties ever began, suggesting that Appellees, who were in control of China Rose's books and records (3 R.R. at 193:20-194:6; 4 R.R. at 112:7-13, 125:16-18), knew about and agreed to the First Amendments.   Fourth, China Rose, Ltd. continued to receive restaurant management fees for years after the original restaurant management agreements expired (4 R.R. 130:6-11), suggesting Appellees knew of and agreed to the First Amendments which

16

extended the term of the parties' original agreement with the restaurant managers by approximately ten years (9 R.R.; Ds' Ex. 18 and 19; 3 R.R. at 6-15).

Finally, evidence was introduced to the jury showing that, as manager of China Rose Management, LLC, (China Rose, Ltd.'s general partner), Appellant was fully authorized to enter into the First Amendments (9 R.R. Ds' Ex. 36 at 4; 9 R.R. Ds' Ex. 38 at 3.); *See also Ritchie v. Rupe*, 443 S.W.3d 856, 900 (Tex. 2014) (holding the business judgment rule shields managers from liability for rational decisions made for the company's benefit).

In light of this evidence, the jury found that Appellant did not breach his fiduciary duty when he executed the First Amendments with the restaurant managers. (6 C.R. at 2039). Nevertheless, the Court substituted its own judgment for that of the jury's, disregarded the jury's negative finding, and affirmatively found that Appellant did in fact breach his fiduciary duty to Appellees Lau, Andrews, and China Rose, Ltd. (6 C.R. at 2089). In light of the evidence presented at trial, reasonable minds could have concluded that Appellant's conduct did not constitute a breach of fiduciary duty. *Tanner* at 830. Therefore, the trial court erred when it disregarded the jury's findings to question No. 5 and the trial court's Final Judgment should be reversed.

17

*Issue 2: The trial court improperly reversed the jury's negative finding in jury questions nos. 7b and 8b because there was sufficient evidence to support the jury's finding.*

In Jury Question Nos. 7b and 8b, the jury found that Appellant Lee did not cause Appellants Lau, Andrews, or China Rose, Ltd. substantial injury or harm when Lee terminated the China Rose restaurant management agreements and moved those agreements and income to his limited liability company, CHR, LLC. (6 C.R. at 2041-2042).

To support this finding, the jury heard evidence that the China Rose restaurant management agreements were never actually put into effect, any money Appellant diverted to CHR, LLC was immediately returned, and that Appellant in no way profited from the cancellation of the China Rose restaurant management agreements. (3 R.R. at 47:1 - 49:10, 123:10-15, 164:9-20; 4 R.R. 33:3-34:18, 129:6-130:19 , 136:16-137:2). Appellees also could not articulate any injury or damages they suffered as a result of the termination and transfer of the China Rose restaurant management agreements. (4 R.R. at 34:15-18, 108:9-16, 129:18-130:19).

In light of the evidence, the jury found that that Appellant Lee did not cause Appellees Lau, Andrews, or China Rose, Ltd. substantial injury or harm when Lee moved the China Rose restaurant management agreements and income to CHR, LLC. (6 C.R. at 2041). Nevertheless, the Court substituted its own

18

judgment for that of the jury's, disregarded the jury's negative finding, and affirmatively found that Lee's conduct substantially injured or harmed Lau, Andrews, and China Rose, Ltd. (6 C.R. at 2090-2091). In light of the evidence presented at trial, reasonable minds could have concluded that Lee's conduct did not substantially injure or harm Lau, Andrews, or China Rose, Ltd. *Tanner* at 830. Therefore, the trial court erred when it disregarded the jury's findings to questions numbers 7b and 8b, and the trial court's final judgment should be reversed.

*Issue 3: The trial court's findings of fact and conclusions of law do not support the Final Judgment because the trial court failed make findings as to Appellant's statute of limitations defense.*

Appellant raised the statute of limitations as an affirmative defense in response to Appellees' claim for breach of fiduciary duty. (4 C.R. at 1444). As it relates to this appeal, Appellees allege that Appellant breached his fiduciary duty when he executed the First Amendments to the restaurant management agreements. (1 C.R. at 88-89). However, because the First Amendments were executed in February, 2008 (9 R.R.; Ds' Ex. 18 and 19), and Appellees' failed to file their counterclaim until December 19, 2012, Appellees' claim is barred by the four-year limitations period. *See* TEX. CIV. PRAC. & REM. Code §16.004(a)(5).

19

At trial, the parties agreed that all affirmative defenses would be determined by the trial court after the jury returned its verdict. (4 R.R. at 51:6-24). Because the jury found that Appellant did not breach his fiduciary duties (6 C.R. at 2037), there was no need for the trial court to address Appellant's affirmative defenses. However, once the trial court reversed the jury's decision, it was required to make findings as to Appellant's statute of limitations defense which, despite Appellant's request, it failed to do. (6 C.R. at 42; 6 R.R. at 18:21 - 19:17).

Public policy favors the validity of judgments. *See Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325, 328 (1895). When a court makes findings of fact, but inadvertently omits an essential element of a ground of recovery or defense, the presumption of validity will supply the omitted element by implication. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [1st Dist.] pet. denied). However, if the record demonstrates the trial judge deliberately omitted the element, the presumption is refuted and the element cannot logically be supplied by implication. *Id.* In other words, the presumption of validity is rebutted where the record suggests the trial court was aware of the omission and its alleged significance, yet deliberately omitted the element from its written findings. *Id.* at 253.

20

If a ground of recovery or defense is entirely omitted, i.e., if the trial court omits every element of the particular ground of recovery or defense, this is some evidence the court did not rely on the ground or defense in reaching its decision. *Id.* "In such case, the omission is deemed to be deliberate; 'the judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact . . .'." *Id. citing* TEX. R. CIV. P. 299. Refusal of the court to make a finding requested shall be reviewable on appeal. TEX. R. CIV. P. 299.

Here, the trial court was asked twice to make rulings on Appellant's statute of limitations defense—first before the charge was submitted to the jury (5 R.R. at 51:6-23), and again in Appellant's request for findings of fact and conclusions of law. (6 C.R. at 2095). Because the trial court's findings of fact omit every element of Appellant's statute of limitations defense, the Final Judgment cannot be supported on appeal because the affirmative defense, though properly before the trial court, was not even considered. The trial court's failure to make findings regarding Appellant's limitations defense constitutes reversible error because it has prevented Appellant from adequately presenting the matter on appeal. *Vickery* at 256, c*iting Tamez v. Tamez,* 822 S.W.2d 688, 692-93 (Tex. App.—Corpus Christi, 1991, writ denied). Therefore, the trial court's Final Judgment should be reversed.

21

*Issue 4: The trial court abused its discretion when it ordered Appellant to forfeit his partnership interest in China Rose, Ltd. because such a remedy is not available in Texas.*

Forfeiture is an equitable remedy. *Burrow v. Acre*, 997 S.W.2d 229, 245 (Tex. 1999). Awards of equitable remedies are reviewed under an abuse of discretion standard. *See Gerdes v. Kennamer*, 155 S.W.3d 541, 545 (Tex.App.—Corpus Christi 2004, no pet.). A court abuses its discretion if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).

Prior to submitting the Court's charge to the jury, Appellant stipulated that he breached his fiduciary duty to Appellees when he terminated the China Rose restaurant management agreements and moved those agreements and income to Appellant's own company, CHR, LLC. (5 R.R. at 26:8-12, 28:3-8). Appellant did *not* stipulate that he caused Appellees any damages and, in fact, had argued that he did not. (5 R.R. at 26:13-27:4). The issue of damages was submitted to the jury and the jury found that Appellees did not suffer substantial harm or injury as a result of Appellant's conduct. (6 C.R. at 2042). The Court disregarded the jury's finding and ordered that Appellant forfeit his ownership interest in China Rose, Ltd. and China Rose Management, LLC. (6 C.R. at 2091).

Where an agent who breaches his fiduciary duty has profited or benefitted from a transaction, the principal is entitled to equitable relief, such as rescission, profit disgorgement, or fee forfeiture, without having to show that the breach caused damages. *Burrow at 239-40*; *Kinzbach Tool Co. v. Corbett-Wallace Corp*., 160 S.W.2d 509, (Tex. 1942). Profit disgorgement is appropriate when a fiduciary uses his position to gain a benefit for himself at the expense of the principal. *Schiller v. Elick*, 240 S.W.2d 997, 999 (Tex. 1951). Further, an agent who breaches his fiduciary duty may forfeit some or all of the fees incurred in the transaction. *Burrow* at 240-41. Finally, the Court may rescind a transaction accomplished by a breach of the agent's fiduciary duty. *See e.g. Allison, v. Harrison*, 156 S.W.2d 137, 140 (Tex. 1941).

In support of its award of forfeiture, the trial court relied on *ERI Consulting Eng'rs., Inc. v. Swinnea*, 318 S.W.3d 867 (Tex. 2010) (Appx. 3 - Findings of Fact and Conclusions of Law at ¶31). In *ERI Consulting*, the Court held that when a business partner breaches his fiduciary duty by fraudulently inducing another partner to buy out his interest, the consideration received in the transaction may be subject to forfeiture. *ERI Consulting* at 882. While this case deals with a partnership dispute, it does not stand for the proposition that forfeiture of a partnership interest is an appropriate remedy for breach of fiduciary duty. *ERI Consulting* merely stands for the proposition that any

23

consideration received by virtue of an agent's breach of fiduciary duty is subject to forfeiture as an equitable remedy. *Id.* Because Appellant did not profit from his alleged breach, and Appellant's partnership interests were not obtained in connection with any alleged breach, forfeiture of his partnership is outside the scope of the relief contemplated in *ERI Consulting*.

It is also important to note that the breaching fiduciary in *ERI Consulting,* Larry Snodgrass, was allowed to keep his partnership interest. *ERI Consulting* at 871. This is because fee forfeiture is generally not considered punitive to a defendant fiduciary. *See In re Estate of Corriea*, 719 A.2d 1234, 1241 (D.C. 1998) (explaining that fee forfeiture is not punitive in nature). Asset forfeiture, however, flouts the safeguards that prevent equitable remedies from exacting punitive measures and therefore can easily exceed the defendant's gain. *Snepp v. United States*, 444 U.S. 507, 515-516, (1980) (holding that constructive trust remedies "[conform] relief to the dimensions of the wrong…since the remedy reaches only funds attributable to the breach, it cannot saddle the [fiduciary] agent with exemplary damages out of all proportion to his gain."). It is well established that courts generally discourage asset forfeiture. *O'Flaherty v. Belgum* 115 Cal. App. 4th 1044, 1059 (Cal. App. 2d Dist. 2004), citing *Deutsch v. Phillips Petroleum Co.*, 56 Cal. App. 3d 586, 592 (Cal. App. 2d Dist. 1976) ("[T]he law abhors forfeiture.").

Never in Texas has a court required a partner to forfeit his ownership interest in his company as an equitable remedy for breach of fiduciary duty. In fact, when faced with the opportunity to order such forfeiture, Texas courts have refused to do so. *Dobson v. Dobson* 594 S.W.2d 177, 181 (Tex. App. —Houston [1st Dist.] 1980) (holding that a breach of a partnership agreement does not lead to loss of a partner's interest even if the breach is committed in bad faith.)

Courts have ordered *fee* forfeiture and *profit* disgorgement as an equitable remedy against fiduciaries that profit from their breach of fiduciary duty. *See Burrow* at 240. In this case, however, the jury found that Appellant did not profit from the termination of the China Rose restaurant management agreements, or by moving those agreements and income to CHR, LLC (6 C.R. at 2042). Furthermore, Appellant's ownership interest in the China Rose entities was obtained in 2004, years before the breach in question (9 R.R.; Ds' Ex. 32-38), meaning Appellant's ownership interest was not a byproduct of his breach of fiduciary duty, and thus cannot be the subject of a forfeiture remedy. For these reasons, in addition to the jury's finding of no substantial harm or injury, there was no equitable basis, much less legal precedent, which would permit the Court to order Appellant to forfeit his ownership interest in China Rose, Ltd. and China Rose Management, LLC. Therefore, the Court abused its discretion when it

25

ordered Appellant to forfeit his ownership interest in the China Rose entities and the Final Judgment should be reversed.

*Issue 5:  The trial court improperly awarded $452,000 in actual damages because there was legally and factually insufficient evidence to support such a finding.*

The jury found that Appellant did not breach his fiduciary duty to Appellees when he executed the First Amendments to the restaurant management agreements and, as a result, the jury did enter an award of damages on the issue. (6 C.R. at 2039).   However, when the trial court reversed the jury's finding, it awarded Appellees $452,000 in actual damages.  (6 C.R. at 2091).  The trial court calculated actual damages by multiplying the difference in the reduced management fees received by China Rose, Ltd. under the step-down provision by the number of months the restaurant managers began to pay reduced fees through the date of trial. (Appx. 3 - Findings of Fact and Conclusions of Law at ¶ 9). The trial court's damages award should be reversed because, as discussed above, there is more than a scintilla of evidence to support the jury's verdict that Appellant did not breach his fiduciary duty to Appellees when he executed the First Amendments.[3]  The damages award should also be reversed because it is unsupported by the evidence presented at trial.

_____

[3] Issue: 1 *supra* at pp. 9-11.

At trial, Appellee Connie Andrews testified that one of the restaurant managers, Sun Yo Guan, was behind in her monthly payments to China Rose, Ltd. (4 R.R. at 106:19-107:10). Ms. Andrews also testified that she did know how many monthly payments Sun Yo Guan had missed since she became a manager in 2007. (4 R.R. at 108:3-8). Essentially, the trial court's calculation of damages requires Appellant to pay the difference of the reduced monthly management fees regardless of whether the restaurant managers actually paid those fees. In other words, the trial court calculated actual damages based on the amount the restaurant managers were *supposed* to pay under the step-down provision, not what the managers have actually paid. No evidence was introduced at trial setting forth the amount of fees the restaurant managers owed after the step-down provision took effect and no evidence at was introduced at trial showing the amount each of the managers actually paid. Therefore, there is insufficient evidence to support the trial court's award of damages and the Final Judgment should be reversed.

*Issue 6: By awarding both forfeiture and actual damages, the trial court granted Appellees and impermissible double recovery.*

By awarding forfeiture of Appellant's ownership interest in China Rose, Ltd. and China Rose Management, LLC in addition to the award of actual damages, the Court granted Appellees a "double recovery" of damages.

27

Whether Appellees received a double recovery is a question of law, and therefore in reviewing the issue, the Appellate Court conducts a de novo review. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio, 2011, no pet.)

"A double recovery exists when a plaintiff is awarded more than one recovery for the same injury. 'Texas law does not permit double recovery.'" The prohibition against double recovery is a corollary to the one satisfaction rule, which provides that a plaintiff may recover only for the damages suffered as a result of a particular injury." *Id.* at 76 (internal citations omitted).

Here, the trial court reversed the jury's verdict and found Appellant liable for breach of fiduciary duty for executing the First Amendments to China Rose restaurant management agreements (6 C.R. at 2091). However, the trial court awarded both forfeiture *and* actual damages for the same tortious conduct. *Id*. Thus, the trial court granted Appellees an impermissible double recovery, and the Final Judgment should be reversed.

*Issue 7: The trial court erred when it awarded Appellees attorney's fees because such a remedy is not available for breach of fiduciary duty.*

The trial court's decision to award attorney's fees is reviewed de novo on appeal. *Gereb v. Smith-Jaye*, 70 S.W.3d 272, 273 (Tex. App.-San Antonio 2002, no pet.). In its Findings of Fact and Conclusions of Law, the trial court incorrectly

28

relied on several cases: *McGuire v. Kelly*; *G.R.A.V.I.T.Y. Enters.v. Reece Supply Co.*; *Massey v. Colombus*; and *Nationwide Mut'; Ins. Co. v. Holmes.* (Appx. 3, Findings of Facts and Conclusions of Law at ¶39, 41, 42). The trial court awarded Appellees $8,552.50 in attorney's fees as actual damages incurred prior to the lawsuit and an additional $158,095.00 in attorney's fees incurred through trial as a result of Lee's breach of fiduciary duty (6 C.R. at 2091-2092). The trial court abused its discretion in granting this award because, after disregarding the jury's answer, the court found Appellant liable for breach of fiduciary only, and no rule, statute, or case permits the award of attorney's fees in a case for breach of fiduciary duty. *See Holland v. Wal-Mart Stores, Inc.* 1 S.W.3d 91, 95 (Tex. 1999). In fact, Texas case law specifically prohibits an award of attorney's fees for breach of fiduciary duty. *See McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871, 917 (Tex. App.—Dallas, 2014, pet. denied); *Western Reserve Life Assurance Co. of Ohio v. Graben*, 233 S.W.3d 360, 377 (Tex. App.—Fort Worth, 2007, no pet.) ("Attorney's fees are not available for a breach of fiduciary duty claim.")

To support the Court's award of attorney's fees, Appellees relied on a Texas appellate court case, *McGuire v. Kelley*, 41 S.W.3d 679 (Tex. App.— Texarkana 2001, no pet.) (6 C.R. at 25:2-16). In *McGuire*, the Court awarded Kelley attorney's fees for breach of contract under Chapter 38 of the Texas Civil Practice & Remedies code even though she elected to recover actual and

29

exemplary damages under her claim for breach of fiduciary duty. *Id.* at 682-683.

In *McGuire*, the jury found McGuire liable to Kelly for breach of contract, breach of fiduciary duty, and fraud. *Id.* Under the One Satisfaction Rule[4], however, Kelley was required to elect recovery on only one theory of liability. *Id.* Even though Kelley elected to recover under her breach of fiduciary duty claim, the Court awarded her statutory attorney's fees because the jury also found McGuire liable for breach of contract. *Id.*

This case is distinguishable from *McGuire* because the only finding against Appellant was for breach of fiduciary duty. No other cause of action or theory of recovery was presented to the jury for determination and neither the trial court nor the jury found Appellant liable for breach of contract or any other unlawful conduct (6 C.R. at 2031-2044). Because Appellant was found liable on a breach of fiduciary duty claim only, Appellees are not entitled to recover attorney's fees. Therefore, the Court abused its discretion when it awarded attorney's fees and the Final Judgment should be reversed.

In *G.R.A.V.I.T.Y.*, the Dallas Court of Appeals analyzed whether a party who did not recover damages could be entitled to attorney's fees. *G.R.A.V.I.T.Y. Enters. v. Reece Supply Co.*, 177 S.W.3d 537, 546, 2005 Tex. App. LEXIS 6266, *18-19 (Tex. App. -- Dallas 2005, no pet.). The Court held that attorneys fees should not

---

[4] *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991) (holding that when a party pursues several causes of action arising from the same course of conduct by the defendant and resulting in a single injury, the plaintiff is limited to one satisfaction.)

be awarded, and further analyzed whether a party could be awarded attorneys fees for defending a breach of contract claim. *Id. citing De La Rosa v. Kaples,* 812 S.W.2d 432 (Tex. App.-San Antonio 1991, writ denied). *De la Rosa* allows for an exception to the general rule of non-recovery where a claim and counterclaim (on a breach of contract claim) where "the matters encompassed by the claim and counterclaim are indistinguishable, where they arose from the same transactions, where the same facts required to prosecute the claim are required to defend against the counterclaim." *De la Rosa* at 434. Here, Appellant submitted only one issue to the jury for consideration, and it was not for breach of contract. The matters encompassing Appellant's claim and Appellee's counterclaims are very distinguishable, and do not rely on the same facts to prosecute and defend the claims. Therefore, the trial court's reliance on *G.R.A.V.I.T.Y.* was improper, and an award of attorneys fees based on this case should be reversed.

Next, the trial court relied on *Massey v. Colombus State Bank,* which held "attorney's fees incurred in responding to false and defamatory grievances filed with regulatory agency recoverable as damages." *Massey v. Columbus State Bank*, 35 S.W.3d 697, 2000 Tex. App. LEXIS 7624 (Tex. App. -- Houston [1st Dist.] 2000, pet. denied). In *Massey*, the bank brought suit against Massey for complaints with the Texas Department of Banking, an unfounded grievance with the State Bar of Texas against the Bank's Board chairman and outside counsel, a groundless

complaint with the Texas State Board of Public Accountancy, and a complaint with the Sheriff's Department of Colorado County, Texas. *Id.* at *10. As a result of these numerous actions, the bank, <u>prior to its litigation against Massey for defamation,</u> "was forced to spend $104,000. responding to and defending against all of these complaints and grievances." *Id*. The Court of Appeals upheld the award of attorney's fees incurred while responding to those grievances. *Id*.

Here, the trial court's award of attorney's fees is improper because the Appellees' attorney's fees did not arise from prior litigation. *See, e.g. Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 400, 2010 Tex. App. LEXIS 2338, *96 (Tex. App. Houston [1st Dist.] 2010, no pet.); *Turner v. Turner*, 385 S.W.2d 230, 234, 1964 Tex. LEXIS 630, *8, 8 Tex. Sup. J. 112 (Tex. 1964)(plaintiff may recover in a separate suit for his reasonable and necessary expenses of the prior litigation). Further, Appellants actions do not rise to the same level of maliciousness as was the case in *Massey*. Therefore, the trial court erred when it relied on *Massey* in its award of attorney's fees, and should be reversed.

The trial court further relied on *Nationwide Mut'l Ins. Co. v. Holmes*, in the premise that the award of attorney's fees is proper "where such expenses are the natural and proximate cause of another's bad faith and wrongful conduct." . (Appx. 3, Findings of Facts and Conclusions of Law at ¶39, 41, 42); *Nationwide Mut. Ins. Co. v. Holmes*, 842 S.W.2d 335, 1992 Tex. App. LEXIS 3188 (Tex. App. San

Antonio 1992, writ denied). In *Holmes*, Holmes was sued for injuries resulting from a car accident, and when his insurance carrier Nationwide indicated that it would not settle the claim, upon Nationwide's advice, Holmes hired an attorney to protect his interests. *Id.* at 337. The suit against Holmes went to trial and Nationwide provided representation; however, Nationwide, knowing that Holmes was obligated to pay his retained attorney $7500 upon commencement of trial, failed to notify Holmes that it would indemnify him for any judgment in excess of the policy limits. *Id.* at 337-38. Holmes sued Nationwide for violation of the DTPA and received a favorable judgment, including recovery of the attorney's fees. *Id.* at 338. The court noted that Holmes did not incur the attorney's fees in defending himself in the original suit, but rather incurred the expenses because of Nationwide's wrongful conduct. *Id.*

*Holmes* is distinguishable because Appellees did not recover damages under the DTPA, and the expenses they incurred were not the natural and proximate cause of Appellant's wrongful act (his breach of fiduciary duty); the expenses were the natural and proximate cause of being sued by Appellant. *See* 2 R.R. 208:7-17. As such, the trial court erred in awarding Appellant's attorney's fees under *Holmes*.

Finally, the trial court relied on Tex. Civ. Prac. & Rem. C. § 38.001, et. seq., authorizing recovery of attorney's fees in suits for breach of contract. There was no

award for Appellant's breach of contract. Therefore, the trial court erred, and its award of attorneys fees should be reversed.

## CONCLUSION AND PRAYER

This Court must reverse the judgment made by the trial court because the trial court abused its discretion when it disregarded the jury's negative finding and substituted its own affirmative finding. The trial court erred by incorrectly awarding relief to Appellees that: 1) was not supported by the evidence introduced at trial; 2) impermissibly disregarded the jury's findings; 3) constituted "double recovery" in favor of Appellees in violation of the one satisfaction rule; and 4) incorrectly awarded attorney's fees for breach of fiduciary duty. Appellant respectfully prays that this Court reverse the Final Judgment of the trial court and render judgment in favor of the Appellant.

Respectfully submitted,

PRINS LAW FIRM
4940 Broadway, Ste. 108
San Antonio, Texas 78209
Telephone: (210) 820-0833
Telecopier: (210) 820-0929

By:_____
TODD A. PRINS
State Bar No. 16330400
Email:
taprins@prinslaw.com

34

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 4, 2015, Appellant's Brief was served on the following counsel of record via email and facsimile.

Sylvan S. Lang, Jr.
LANG LAW FIRM, P.C.
13409 N.W. Military Hwy., Ste 210
San Antonio, Texas 78231
Telephone: (210) 479-8899
Facsimile: (210) 479-0099

*Attorney for Kenneth Lau & Connie Andrews*

Thomas G. Kemmy
LAW OFFICE OF THOMAS G. KEMMY
322 W. Woodlawn Avenue
San Antonio, Texas 78212
Telephone: (210) 735-2233
Facsimile: (210) 736-9025

*Attorney for China Rose, Ltd. and China Rose Managment, LLC*

PRINS LAW FIRM

4940 Broadway, Ste. 108
San Antonio, Texas 78209
Telephone:  (210) 820-0833
Telecopier:  (210) 820-0929

By:_____
    TODD A. PRINS
    State Bar No. 16330400
    Email:
    taprins@prinslaw.com

## APPENDIX

Tab 1:      Final Judgment Order by the Trial Court (6 CR at 2031)

Tab 2:      The Jury Charge and Verdict (6 CR at 2089)

Tab 3:      Trial Court's Findings of Fact and Conclusions of Law

Tab 4:      Plaintiff's Original Petition